[Civ. No. 14047. Fourth Dist., Div. One. Jan. 30, 1975.]

TEOFILO ORLANDO SALAZAR, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE NORTH ORANGE COUNTY
JUDICIAL DISTRICT OF ORANGE COUNTY, Defendant and
Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

COUNSEL

Raymond J. Rostan for Plaintiff and Appellant.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, Oretta D. Sears and C. Brent Swanson, Deputy District Attorneys, for Defendant and Respondent and for Real Party in Interest and Respondent.

OPINION

AULT, J.—Appellant Teofilo Orlando Salazar appeals from a judgment of the Superior Court of Orange County denying him a writ of mandate to compel the municipal court to vacate his conviction of misdemeanor

drunk driving (Veh. Code, § 23102, subd. (a)) entered November 30, 1970, on his plea of guilty while in pro. per. He suffered two more convictions under the same statute, on April 27, 1971, and on May 2, 1973. On his third offense, the Department of Motor Vehicles revoked his driver's license for three years. On appellant's motion the municipal court set aside the 1971 conviction but refused to vacate the 1970 conviction. Appellant brought this proceeding by petitioning the superior court for a writ of mandate, alleging the 1970 conviction was invalid because the record did not contain direct evidence that the trial court had inquired into the factual basis for the plea or had advised appellant of certain constitutional rights.

The only evidence before the superior court consisted of the municipal court docket sheets bearing handwritten notations made by the trial judge, and a so-called *"Tahl"* waiver form signed and initialed by appellant. On the basis of this evidence, the superior court concluded appellant's guilty plea was valid.

■ On appeal appellant contends the record is insufficient to support the judgment and the admonitions given by the court before accepting the guilty plea, as reflected by the record, did not meet *Boykin-Tahl* requirements. (*Boykin* v. *Alabama,* 395 U.S. 238, 243 [23 L.Ed.2d 274, 279, 89 S.Ct. 1709, 1712]; *In re Tahl,* 1 Cal.3d 122, 130 [81 Cal.Rptr. 577, 460 P.2d 449].)

## DISCUSSION

Appellant's arguments all ignore the impact of the Supreme Court's decision in *Mills* v. *Municipal Court,* 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273], decided October 25, 1973, three years after the misdemeanor conviction appellant now seeks to set aside. In *Mills* the Supreme Court held the *Boykin-Tahl* doctrine applicable to pleas of guilty in misdemeanor cases, including the requirement the record itself must explicitly demonstrate an awareness and personal waiver of the constitutional rights relinquished by the plea. (*Mills, supra,* pp. 301-302.) The rule, however, was made purely prospective, i.e., applicable to guilty pleas entered in misdemeanor cases *after* the date of the decision.

With this in mind, we examine the law with respect to motions to set aside a guilty plea on constitutional grounds as it existed in California before *Boykin-Tahl-Mills* mandated that the record itself must affirmatively indicate a guilty plea was voluntarily and intelligently entered and that the defendant waived the rights surrendered by the plea.

The procedures to be followed under these circumstances were set forth in *People* v. *Coffey*, 67 Cal.2d 204 [60 Cal.Rptr. 457, 430 P.2d 15], where at pages 217-218 the Supreme Court stated: "*First*, when a defendant, whether by motion to strike the prior conviction or convictions on constitutional grounds, or by denial of such prior conviction or convictions on constitutional grounds at the time of entering his plea to the same, raises the issue for determination, the court shall, prior to trial, hold a hearing outside the presence of the jury in order to determine the constitutional validity of the charged prior or priors in issue. *Second*, in the course of such hearing the prosecutor shall first have the burden of producing evidence of the prior conviction sufficient to justify a finding that defendant 'has suffered such previous conviction.' (Pen. Code. § 1025.) *Third*, when this prima facie showing has been made, the defendant shall thereupon have the burden of producing evidence that his constitutional right to counsel was infringed in the prior proceeding at issue. *Fourth*, if defendant bears this burden, the prosecution shall have the right to produce evidence in rebuttal. *Fifth*, the court shall make a finding on the basis of the evidence thus produced and shall strike from the accusatory pleading any prior conviction found to be constitutionally invalid."

The issue of the validity of the prior conviction, however, can be put in issue *only* by allegations which, if true, would render it constitutionally invalid. At page 215 in *Coffey, supra*, the court stated: "We emphasize, however, that the issue must be raised by means of allegations which, if true, would render the prior conviction devoid of constitutional support. 'One seeking to challenge prior convictions charged against him may do so only through a clear allegation to the effect that, in the proceedings leading to the prior conviction under attack, he *neither was represented by counsel nor waived the right to be so represented.*' "

While *Coffey* dealt with a prior conviction against a defendant who had not been represented by counsel and who had not waived the right, its requirements are equally applicable to this case where the plea is attacked on other constitutional grounds.

Appellant's attack on his prior conviction is directed solely at the record which he asserts is insufficient and fails to meet the *Boykin-Tahl* standards. He has made no claim that he was not advised of the nature of the charge against him, the consequences of his guilty plea, or the constitutional rights he was waiving in connection with its entry. He had not contended there was no factual basis for the plea or that the court did not at the time inquire into and ascertain the plea was voluntarily and intelligently made.

The petition for writ of mandamus filed in the superior court attacks the record only and is studiously worded to accomplish that result and no more. Paragraphs 6 and 7 of the petition, which purport to allege the infirmities of the prior conviction, are couched in terms of "It appears from the record, for lack of any direct evidence contained therein, that . . . ."[1]

These allegations do not meet the requirement of *Coffey* referred to above. At a time when it was not essential for the record to demonstrate compliance with the alleged requirements, the simple allegation that the record failed to do so comes to naught and raises no issue. Absent a clear and affirmative allegation that some constitutional requirement had not been met at the time the plea was entered, the only burden placed upon the People by appellant's motion to set aside his conviction was the obligation to produce evidence to justify a finding he had suffered it. (*People* v. *Coffey, supra,* p. 217.) The record introduced amply supports such a finding.

What we have said makes it unnecessary to consider the Attorney General's additional contention that the municipal court record in fact supports the finding that all constitutional requirements incident to the taking of appellant's guilty plea were met.

The judgment is affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.

---

[1]Paragraphs 6 and 7 of the petition read as follows: "6. It appears from said record, for lack of any direct evidence contained therein, that defendant was not advised of certain constitutional rights, including the right to subpoena witnesses for his defense without expense to himself and the right to be informed on the maximum consequences and punishment which might be exacted upon a guilty plea and conviction of violation of California Vehicle Code Section 23102a on the then occasion and upon the occasion of any future such conviction.

"7. It further appears from said record, for lack of any direct evidence contained therein, that the court did not, before the making of the plea, cause an inquiry to be made of the defendant to satisfy itself that the plea of guilty was freely and voluntarily made and that there was a factual basis for such plea, as required by Section 1192.5 of the California Penal Code."