*609 Opinion
HOPPER, J.
—The issue raised on this appeal is whether a conviction by a plea of guilty to a charge of violation of Vehicle Code section 23102, subdivision (a) (driving under the influence of intoxicating liquor), should be vacated under the existing constitutional standards for failure of the record to show an express and explicit waiver by the defendant of constitutional rights, We conclude that the guilty plea in this case is invalid because the record does not show on its face an express and explicit waiver of constitutional rights of jury trial, confrontation, privilege against self-incrimination, and counsel.
On March 25, 1975, appellant pleaded guilty in case number 8435-B to a violation of Vehicle Code section 23102, subdivision (a) in the Justice Court of the Avenal Judicial District, County of Kings. On September 14, 1975, the appellant was arrested a second time for a violation of Vehicle Code section 23102, subdivision (a). On February 11, 1976, appellant moved to vacate the judgment of conviction in case number 8435-B on the ground that his plea of guilty was invalid. The motion was denied. Appellant filed a petition for a writ of mandate in the superior court seeking an order vacating the judgment of conviction. After a hearing, the petition was denied and appellant now seeks relief in this court. We reverse.
An examination of the record shows: (1) A minute order with a checklist of rights given which has been apparently completed by the court clerk. A check mark was placed in front of certain items, including the following: “Defendant made knowing and intelligent waiver of counsel.” (2) The front side of the docket shows a notation of “Duly arraigned and instructed.” (3) Typed on the back side of the docket and over the judge’s signature as to waiver: “Defendant freely and intelligently waived all constitutional rights and entered a plea of guilty to charge.” (4) In the superior court, wherein petitioner sought and was duly denied relief, appears in addition to the above items: (a) a declaration by the judge and (b) a transcript of the judge’s testimony.
In the declaration, and in his testimony in court, the judge discussed his general practice. There is no dispute in this case, and the record so shows, that the judge did inform the petitioner of his rights. However, nowhere in the declaration by the judge or the transcript of his testimony in the superior court or in the docket or minute orders or anywhere does it show either that the judge specifically asked this particular appellant if *610 he waived each of his constitutional rights, or if such a question or questions were asked, what response, if any, was made. The manner of waiving, if in fact there was a waiver, is not made explicit, or is it even mentioned whether it was express.
The California Supreme Court in Mills v. Municipal Court (1973) 10 Cal.3d 288, 301 [110 Cal.Rptr. 329, 515 P.2d 273], held that "... the Boykin-Tahl requirement of an explicit ‘on the record’ waiver of a defendant’s constitutional rights is applicable to the acceptance of all guilty pleas . . . .” In In re Tahl (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449], the California Supreme Court inferred from Boykin v. Alabama (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] that the only realistic means of assuring that the trial court leaves an adequate record for review is to require the specific enumeration of rights—jury trial, confrontation, self-incrimination—and express waivers by the accused prior to acceptance of his plea of guilty. An express waiver of the right to counsel has long been required in California. (In re Johnson (1965) 62 Cal.2d 325, 334 [42 Cal.Rptr. 228, 398 P.2d 420]; Rodriguez v. Municipal Court (1972) 25 Cal.App.3d 521, 525 [102 Cal.Rptr. 45].) “. . . [A]n express waiver on the record has long been required in regard to the right to a jury trial; there appears no sound reason why the court should not likewise advise the accused as to, and obtain an express waiver of, his rights to confrontation and against self-incrimination prior to acceptance of his plea of guilty.” (In re Tahl, supra, 1 Cal.3d 122, 132-133.) What is required before a guilty plea is accepted by the court is evidence that each specific right was known to the defendant and expressly waived by him.
 In the instant case the record on its face does not show that the appellant expressly and explicitly waived his constitutional rights of jury trial, confrontation, privilege against self-incrimination, and counsel.
As the California Supreme Court said in People v. Gallegos (1971) 4 Cal.3d 242, 247 [93 Cal.Rptr. 229, 481 P.2d 237], and repeated in Mills at page 308: “The purposes of Boykin, as interpreted and implemented by Tahl, are to assure both that pleas of guilty are intelligently made and to provide a ‘complete record’ to facilitate disposition of post-conviction attacks on the plea.” There is far from such a “complete record” present here as to waiver. Even with a misdemeanor charge, the waiver of Tahl rights must be personal (although a defendant accused of a misdemeanor *611 may plead guilty through counsel provided there is a written waiver signed by the defendant on file).
We recognize that the practicalities of crowded municipal and justice courts permits some deviation from the strict felony procedures. Where the entry of the guilty plea is made personally by the defendant, while the collective advisement of rights has been approved in misdemeanor arraignments (In re Johnson (1965) 62 Cal.2d 325 [42 Cal.Rptr. 228, 398 P.2d 420]), the record must expressly show that each defendant heard and understood the general statement and voluntarily, intelligently, expressly and explicitly waived each of the rights (Mills v. Municipal Court (1973) 10 Cal.3d 288, 307 [110 Cal.Rptr. 329, 515 P.2d 273]). As Mills says at page 307: “To provide an adequate record of defendant’s voluntary and knowing waiver of his rights, such collective warnings by the trial court could be supplemented by a written waiver form which a defendant would read and sign, or alternatively, by the traditional stenographic transcript of a defendant’s oral waiver of his rights. [Citation.] These suggestions, of course, are merely illustrative and do not exhaust the various acceptable means that courts may devise to promote the efficient administration of justice without impairing constitutional rights.” We cannot find that the procedures used in this case are within the possible alternatives.[1] The better practice would be to limit the procedures to the written waiver forms or court reporter, as suggested in Mills, or tape recording, or some similar method, until it affirmatively demonstrated that some other comparable and acceptable means has been devised to establish an express and explicit waiver. In fact, in Wicks (the companion case consolidated on appeal with Mills) there was a written form used by counsel which could have been adapted to cover the unrepresented defendant (see Appen. to Mills). Many courts have long had similar written forms to that used in Wicks, and the literature is replete with discussions of the subject of how to obtain an effective waiver (see, e.g., the various annual Proceedings of the Institute for Municipal and Justice Court Judges, such as the 1965 Institute, at p. 132, where the Appellate Division of the Los Angeles Superior Court recommended a writing in the minutes that the defendant expressly waived his right to counsel after inquiry by the court; the 1967 Proceedings, at pp. 81-84, wherein Smiley was discussed; the 1966 Proceedings, at pp. 6-7 (recordation of waivers); the 1969 Proceedings, at pp. 11-15 (discussion of Boykin); the 1971 Proceedings, at p. 52 (waiver); *612 the 1972 Proceedings, at pp. 26-28; see also Bigelow, Constitutional Rights in Criminal Proceedings (1973, reprinted and revised in CJER Journal, Jan. 1975, at pp. D-5 and D-6) recommending use of a written waiver; Cal. Misdemeanor Procedure Benchbook (Cont.Ed.Bar rev. 1975) §§ 20.11 and 4.33; the Cal. Judicial Council distributed a proposed rule of court, § 810, which, although it was not subsequently adopted, did provide an available form; see also ABA Standards for Criminal Justice, The Function of the Trial Judge, § 4.2; on Veh. Code, § 23102, subd. (a) see also Appen., Cal. Rules of Court, Standards of Judicial Administration Recommended by the Judicial Council, § 13). In this case, a written Gordon[2] waiver was obtained since the judge was not an attorney. There would have been little additional effort required to use a written waiver form of constitutional rights at the very least, and where the waiver is in fact so established by the facts, the docket should show that the defendant “expressly and explicitly waived” each specified right.
The entry on the front side of the docket in this case is, of course, totally inadequate to show waiver, and is undoubtedly a holdover from the practice before Smiley. (In re Smiley (1967) 66 Cal.2d 606, 616 [58 Cal.Rptr. 579, 427 P.2d 179]; see also In re Johnson (1965) 62 Cal.2d 325 [42 Cal.Rptr. 228, 398 P.2d 420].)
We are under a duty to indulge every reasonable presumption against waiver of fundamental constitutional rights (Johnson v. Zerbst (1938) 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357]). Personal waiver is constitutionally compelled. It cannot be implied. The case law expressly precludes “inference as a substitute for the precise showing required upon a plea of guilty, no matter how plausibly an inference may be drawn that defendant knew of and waived his constitutional rights. The rationale of these decisions is to assure that the record demonstrably discloses the defendant knows of and voluntarily waives the three specified rights surrendered by a guilty plea.” (In re Sutherland (1972) 6 Cal.3d 666, 671 [100 Cal.Rptr. 129, 493 P.2d 857]; see also People v. Kirkpatrick (1972) 7 Cal.3d 480, 484 [102 Cal.Rptr. 744, 498 P.2d 992]; People v. Rizer (1971) 5 Cal.3d 35, 38 [95 Cal.Rptr. 23, 484 P.2d 1367].) The observation of the California Supreme Court in People v. Holmes (1960) 54 Cal.2d 442, 443-444 [5 Cal.Rptr. 871, 353 P.2d 583], in regard to a waiver of a jury trial, although not a guilty plea, is appropriate and applicable to all of these rights:
*613 “Defendant did not express in words a waiver of his right to a jury trial, and it has been uniformly held that the waiver must be so expressed and will not be implied from a defendant’s conduct. [Citations.]
“Experience has shown that there is sound reason for this requirement. If the waiver were left to implication from conduct, there would be a danger of misinterpretation with respect to a right the importance of which requires there be certainty. Moreover, appellate courts would be faced with the burdensome task of determining whether the facts of the particular case warrant such an implication, whereas trial courts, without any difficulty, can eliminate doubt and safeguard the rights of both the defendant and the People by obtaining express statements from the defendant, . . . not merely as to whether a trial by jury is desired but specifically that a jury is or is not waived.”
The judgment is reversed with directions to the superior court to grant the petition for writ of mandate and to vacate the prior conviction on the grounds of its constitutional invalidity.
Gargano, J., concurred.

A hearing before a busy superior court in which the municipal or justice court judge is called as a witness causes an undue drain on already overburdened trial courts and should be avoided.

Gordon v. Justice Court (1974) 12 Cal.3d 323 [115 Cal.Rptr. 632, 525 P.2d 72, 71 A.L.R.3d 551].