[Civ. No. 3356. Fifth Dist. Apr. 27, 1978.]

DORIS MAE GANYO, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE FRESNO JUDICIAL
DISTRICT OF FRESNO COUNTY et al.,
Defendants and Respondents;
THE PEOPLE, Real Party in Interest and Respondent.

524

COUNSEL

Roger T. Nuttall for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Robert D. Marshall and Vincent J. Scally, Jr., Deputy Attorneys General, for Defendants and Respondents and for Real Party in Interest and Respondent.

OPINION

**BROWN (G. A.), P. J.**—On August 4, 1975, appellant entered a plea of guilty to a violation of Vehicle Code section 23102, subdivision (a) (driving a vehicle while under the influence of intoxicating liquor) in the Justice Court for the Marysville Judicial District of Yuba County.

On January 29, 1976, she was charged with violating the same code section in the Municipal Court for the Fresno Judicial District, in which proceeding the Marysville conviction was charged as a prior. Appellant moved to strike the Marysville conviction in the Fresno Municipal Court, which motion was denied. She thereupon petitioned the superior court for a writ of mandate directing the municipal court to grant her motion to strike the prior Marysville conviction. The superior court denied the writ, and she has appealed.

██ Since as a result of the charge in the Municipal Court for the Fresno Judicial District appellant is subject to the enhanced punishment which may be imposed upon a second or subsequent violation under Vehicle Code section 23102 and to the severe sanctions involving lengthy driver's license suspension imposed by the Department of Motor Vehicles pursuant to Vehicle Code section 13352, she may bring a collateral attack upon the constitutional validity of her prior conviction. (*Thomas* v. *Department of Motor Vehicles* (1970) 3 Cal.3d 335, 338 [90 Cal.Rptr. 568, 475 P.2d 858]; *Gonzalez* v. *Municipal Court* (1973) 32 Cal.App.3d 706, 709-713 [108 Cal.Rptr. 612].) While the cases recommend that the motion to strike the prior conviction be brought in the court which rendered that conviction (*Fitch* v. *Justice Court* (1972) 24 Cal.App.3d 492, 495-496 [101 Cal.Rptr. 227]; *People* v. *Allheim* (1975) 48 Cal.App.3d Supp. 1, 5 [121 Cal.Rptr. 448]), "[t]he fact that a prior conviction was sustained in

another jurisdiction does not preclude ... [examination of its constitutionality]. 'To the extent that any State makes its penal sanctions depend in part on the fact of prior convictions elsewhere, necessarily it must assume the burden of meeting attacks on the constitutionality of such prior convictions.' " (*People* v. *Coffey* (1967) 67 Cal.2d 204, 215 [60 Cal.Rptr. 457, 430 P.2d 15], citing *United States* v. *Jackson* (2d Cir. 1957) 250 F.2d 349, 355.)

■ A judicial determination of the constitutional validity of the prior conviction is binding upon the Department of Motor Vehicles, and where it is determined to be unconstitutional the municipal court is empowered to direct that department not to impose sanctions based upon that conviction. (*Mitchell* v. *Orr* (1969) 268 Cal.App.2d 813 [74 Cal.Rptr. 407].) Where the court has held a conviction to be unconstitutional, such conviction cannot be used for the purpose of enhancing punishment. (*Gonzalez* v. *Municipal Court, supra,* 32 Cal.App.3d 706, 711-712; see *Hasson* v. *Cozens* (1970) 1 Cal.3d 576, 580 [83 Cal.Rptr. 161, 463 P.2d 385]; *People* v. *Coffey, supra,* 67 Cal.2d 204.) However, it must be kept in mind that while this court may be empowered to determine the constitutionality of a prior conviction rendered in another jurisdiction, it would not have the power to vacate or set aside a conviction in that court. (*Gonzalez* v. *Municipal Court, supra,* 32 Cal.App.3d 706, 712-713.)

Appellant contends that the prior Marysville conviction based on her plea of guilty is constitutionally invalid in that: (1) the justice court record does not reflect that prior to the acceptance of the plea she expressly waived her constitutional rights to a jury trial, to confrontation and cross-examination of witnesses against her, and the privilege against self-incrimination (*In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449] (cert. den., 398 U.S. 911 [26 L.Ed.2d 72, 90 S.Ct. 1708]); *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273]); and (2) that the record does not reflect that prior to the acceptance of the plea the judge ascertained if there was a factual basis for the guilty plea.

The record of appellant's plea in the Marysville Justice Court includes a form entitled "Arraignment Proceedings." The form comprises a number of questions (apparently addressed to appellant prior to her entry of the guilty plea) and appellant's responses are written in following each question. The responses do not purport to be written by appellant but are recorded in cursive writing by a court clerk. The germane questions and answers are:

"Your constitutional rights are: You are entitled to the service of an attorney of your own choice, and if you cannot afford an attorney the court will appoint the public defender as your attorney. Do you understand this? RESPONSE: Yes.

"Do you understand the nature of the charge against you and that it is a misdemeanor and the maximum sentence is $500.00 and/or 6 months in the County jail. . . .
[x] Your drivers license will be suspended for 1 year—yes. RESPONSE: Yes.[1]

"Do you wish an attorney at this time? RESPONSE: No.

"Do you have the funds to hire your own attorney? RESPONSE: Yes.

"Is it your desire to proceed with this arraignment without an attorney? RESPONSE: Yes.

". . . . . . . . . . . . . . . .. . . . . .

"You are entitled to a trial by jury? Do you understand this right? RESPONSE: Yes.

"You have the right to be confronted with all witnesses testifying against you, and you have the right to question those witnesses. Do you understand this right? RESPONSE: Yes.

"You have the right to the compulsory process of the court for obtaining witnesses and evidence in your favor. Do you understand this right? RESPONSE: Yes.

"You have the right to testify in your own behalf, however, you cannot be compelled to be a witness against yourself. Do you understand this right? RESPONSE: Yes.

". . . . . . . . . . . . . . . . . . . . .

"Do you have any questions in regard to your constitutional rights? RESPONSE: No.

---

[1]Appellant makes no contention that this advisement does not satisfy the requirement that a misdemeanant defendant be advised of the primary and direct consequences of his plea. (See *In re Birch* (1973) 10 Cal.3d 314, 319-320 [110 Cal.Rptr. 212, 515 P.2d 12].) Nor could she. There is no requirement that a defendant be advised of the increased minimum sentence he would receive automatically for a later conviction as that consequence does not "inexorably follow from [a defendant's] conviction of a crime" (see *People* v. *Flores* (1974) 38 Cal.App.3d 484, 487-488 [113 Cal.Rptr. 272]) and that consequence is secondary, indirect and collateral. (See *Hartman* v. *Municipal Court* (1973) 35 Cal.App.3d 891, 893 [111 Cal.Rptr. 126].)

"Having been informed of your constitutional rights and the possible effect of a guilty plea, do you wish to consult with an attorney and/or be represented by an attorney? RESPONSE: No.

"Is it your desire to waive your constitutional rights as heretofore explained and plead guilty to a violation of section 23102A Vehicle Code a charge of driving while under the influence of intoxicating liquor. RESPONSE: Yes.

"The court hereby finds and determines that the above defendant has knowingly and intelligently waived his right to an attorney, his right to a jury trial, his right to be confronted by witnesses, his right to testify, and other constitutional rights."

Appellant filed a declaration under penalty of perjury in support of her motion in the municipal court, in which in substance she states that she remembers little of what was said or done at the time of the Marysville plea and does not remember having been advised of her various constitutional rights, having been advised of the consequences of the plea, or having made a statement regarding a factual basis supportive of the plea of guilty in the Marysville court.

In *Mills* v. *Municipal Court, supra,* 10 Cal.3d 288, the court (with some modification with regard to procedural requirements) made the *Boykin-Tahl* on-the-record requirement of advisement and waiver of the constitutional rights applicable to misdemeanants. The court held that the appellate court may no longer presume from a " 'silent record' that a defendant has voluntarily and intelligently waived the constitutional rights which he implicitly relinquishes by entering a plea of guilty" and the record "must explicitly reveal '*on its face*' that before a defendant entered a plea of guilty, he was aware of the three major constitutional rights he was foregoing by pleading guilty—namely, the privilege against self-incrimination, the right to confrontation and the right to a jury trial—and that he knowingly and voluntarily waived such rights." (*Mills, supra,* at pp. 291-292.)

Recognizing the practical record keeping and other problems in the municipal and justice courts, the court further stated: "In so holding, however, we do not suggest that procedures utilized in our overcrowded municipal and justice courts must be identical to the procedures presently required in felony prosecutions. As this court has recognized in the past, relevant differences in the misdemeanor and felony contexts will frequently justify a difference in procedures." (*Mills* v. *Municipal Court,*

*supra*, 10 Cal.3d at p. 302, fn. omitted.) The court elaborated: "[T]hat in evaluating the procedures utilized in inferior courts for advising defendants of their rights and obtaining 'on the record' waivers, the realities of the typical municipal and justice court environment cannot be ignored, and that, so long as the spirit of the constitutional principles are respected, 'the convenience of the parties and the court should be given considerable weight.' [Citations.]" (*Mills, supra*, at p. 303.)

The *Mills* court specifically approved deviations from the *Tahl* requirements in cases involving misdemeanors, including group advisement of rights and written waivers and entry of written pleas of guilty by defendants who do not appear. Moreover, the court in *Mills*, as have other cases, implicitly recognized the continuing necessity for and viability of the use of docket entries to record the advisement and waiver. (*In re Birch, supra*, 10 Cal.3d 314, 320-321; *In re Smiley* (1967) 66 Cal.2d 606, 617 [58 Cal.Rptr. 579, 427 P.2d 179]; *In re Johnson* (1965) 62 Cal.2d 325, 330 [42 Cal.Rptr. 228, 398 P.2d 420].)

■ The pivotal issue on this phase of the case at bench is whether the docket entries recorded in the clerk's handwriting as *yes* or *no* answers to specific questions constitute an express and explicit waiver by appellant. We hold that they do. It is clear that a waiver of constitutional rights may not be implied from entry of a guilty plea (*In re Smiley, supra*, 66 Cal.2d 606, 621) or implied from the conduct of a defendant (*Stewart* v. *Justice Court* (1977) 74 Cal.App.3d 607, 613 [141 Cal.Rptr. 589]). However, it seems clear that responses of "yes" or "no" from the appellant's own mouth are express and explicit answers. It is an expression in words (*People* v. *Holmes* (1960) 54 Cal.2d 442, 443-444 [5 Cal.Rptr. 871, 353 P.2d 583]) and conforms with the definition of the word "express" in Black's Law Dictionary (rev. 4th ed. 1968): "Clear; definite; explicit; unmistakable; not dubious or ambiguous. . . . Declared in terms; set forth in words. Directly and distinctly stated. . . . Made known distinctly and explicitly, and not left to inference. . . . Manifested by direct and appropriate language, as distinguished from that which is inferred from conduct. The word is usually contrasted with 'implied.' "

If the answers had been taken down by a court reporter and transcribed or if they had been contained in a signed waiver there could be no question that they would be classified as express and explicit. Thus, it appears the objection really goes to the method of recording the answers rather than the answers themselves and, as we have seen, a

docket entry is still an acceptable, though not the most desirable, method of recording such advisements and waivers.

We conclude that the record is sufficient to demonstrate an express advisement and waiver of the *Tahl-Mills* constitutional rights.

■ Appellant also argues that the Marysville conviction must be set aside because the record does not expressly reflect that she was questioned regarding a factual basis for her plea. The determination of whether there is a factual basis for a plea of guilty, however, is not a constitutional right guaranteed by *Tahl* and *Mills*. Neither case mentions such a requirement. Penal Code section 1192.5 pertaining to *plea bargains* in *felony cases* is the only statutory requirement in California that the court inquire to satisfy itself "that there is a factual basis for such plea." (See *People* v. *Watts* (1977) 67 Cal.App.3d 173 [136 Cal.Rptr. 496].)

Advice as to "the nature of the charge and the consequences of his [a defendant's] plea" was mentioned in *In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449], as being required prior to accepting a plea of guilty. However, the Supreme Court in *In re Ronald E.* (1977) 19 Cal.3d 315 [137 Cal.Rptr. 781, 562 P.2d 684] held that this advisement was not constitutionally compelled. The court announced that it is "a judicially declared rule of criminal procedure . . . . Unlike an uninformed waiver of the specified constitutional rights which renders a plea or admission involuntary and requires that it be set aside, an uninformed waiver based on the failure of the court to advise an accused of the consequences of an admission constitutes error which requires that the admission be set aside only if the error is prejudicial to the accused." (*In re Ronald E., supra,* at p. 321; fn. omitted.)

Since a determination as to a factual basis for a guilty plea is not mentioned in *Tahl* and *Mills,* it has less claim to constitutional status than the advisement as to the nature of the charge and consequences of the plea. The conclusion is inescapable that there is no constitutional basis for such a requirement, and if it exists at all in misdemeanor cases it is merely a judicially declared rule of criminal procedure.[2]

As such we perceive no basis for making the *Boykin-Tahl* ritual with regard to the necessity of the determination affirmatively appearing on

---

[2]Such a rule imposing this and the other requirements referred to by our colleague Hopper, J., in his concurring opinion would, of course, have to be imposed by the Supreme Court.

the face of the record applicable to a determination that there is a factual basis for the plea. As desirable as such a procedure is, desirability cannot be equated with constitutionality.

With this distinction in mind, we turn to the applicable law. It is not clear that failure to determine that there is a factual basis for a plea, being of nonconstitutional dimensions, can ever support a collateral attack upon a plea of guilty, collateral attacks being normally limited to constitutional defects or a judgment which is void on its face. (19 Cal.Jur.3d, § 1519, pp. 795-799.) In *In re Birch, supra,* 10 Cal.3d 314, in an analogous situation, the court further muddied the already murky water in this area by holding that in the absence of an attorney the failure to advise of the consequences of a plea (which, as we have seen, has no constitutional substructure) could at least in part support a collateral attack upon a guilty plea. In *Birch,* however, the failure to advise of the consequences of the plea was coupled with the failure to advise of the defendant's constitutional right to an attorney.

■ We find it unnecessary to finally answer whether the failure to explain the factual basis for a plea of guilty can furnish a basis for a collateral attack on a guilty plea, and for purposes of this opinion assume that such a failure, under proper circumstances, may support such an attack. Not being a *Tahl-Mills* requirement, a petition launching such an attack at the very least would be subject to the law with respect to motions to set aside guilty pleas on constitutional grounds before *Tahl-Mills.* (*Salazar* v. *Municipal Court* (1975) 44 Cal.App.3d 1024 [119 Cal.Rptr. 98].) As was stated in *Salazar:* "The issue of the validity of the prior conviction, however, can be put in issue *only* by allegations which, if true, would render it constitutionally invalid. At page 215 in [*People* v. *Coffey, supra,* 67 Cal.2d 204] the court stated: 'We emphasize, however, that the issue must be raised by means of allegations which, if true, would render the prior conviction devoid of constitutional support. "One seeking to challenge prior convictions charged against him may do so only through a clear allegation to the effect that, in the proceedings leading to the prior conviction under attack, he *neither was represented by counsel nor waived the right to be so represented.*" ' " (At p. 1027.)

In mounting a collateral attack upon an otherwise valid judgment on the face of the record appellant cannot under the standard herein applicable simply rely upon the failure of the record to affirmatively show a lack of determination of a factual basis for the plea but must at least clearly and positively allege and show that the requirement was not in

fact met at the time the plea was entered. (*Salazar* v. *Municipal Court, supra,* 44 Cal.App.3d at p. 1028.)

In the case at bench the allegations in appellant's declaration "[t]hat I do not remember the Court advising me as to the elements which must be proved relative to the offense to which I am charged" and "[t]hat I do not recall having made a factual statement as respecting a factual basis supportive of the entry of said guilty plea" fall leagues short of meeting the appellant's burden.

Accordingly, the trial court did not err in denying the writ.

The order is affirmed.

Franson, J., concurred.

**HOPPER, J.**—I concur and believe that a few additional comments are in order. The record shows on its face in this case an express waiver of constitutional rights by the appellant. While that record is not conclusive and is subject to challenge, in the instant case appellant does not set forth adequate factual allegations contradicting the record. As the principal opinion points out, "a docket entry is still an acceptable, though not the most desirable, method of recording such advisements and waivers." However, with all of the challenges being made throughout the state on priors, I believe that in the absence of a verbatim record of the proceedings (by court reporter or by mechanical means) the court should preserve an accurate record of the proceedings by requiring the defendant to sign an appropriate form and initial as to each specified right being waived, along the lines set out in the appendix to *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288, 307, 312-313 [110 Cal.Rptr. 329, 515 P.2d 273] (see discussion in *Stewart* v. *Justice Court* (1977) 74 Cal.App.3d 607, 611-612 [141 Cal.Rptr. 589]; see also ABA Standards for Crim. Justice, Pleas of Guilty, commentary to std. 1.7 at pp. 34-36 advocating a verbatim record and that all other methods, including judge-signed checklists, be considered temporary substitutes). There was a written *Gordon* waiver,[1] initialed by the appellant, in this case. Only a little additional effort would have been required to have done the same as to each constitutional right. Such a waiver form would reduce the number of attacks on criminal judgments in both the trial and appellate courts.

---

[1]*Gordon* v. *Justice Court* (1974) 12 Cal.3d 323 [115 Cal.Rptr. 632, 525 P.2d 72, 71 A.L.R.3d 551] (cert. den., 420 U.S. 938 [43 L.Ed.2d 415, 95 S.Ct. 1148]).

In addition, I believe that whenever a defendant is unrepresented there should be a judicially declared rule of criminal procedure applicable along the lines set out in American Bar Association Standards for Criminal Justice, Pleas of Guilty, standard 1.6, which reads as follows: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as may satisfy it that there is a factual basis for the plea." (Restated in std. 4.2(b) of ABA Standards for Crim. Justice, Stds. Relating to the Function of the Trial Judge.)

The factual basis should be developed on the record. The particularity and extent of inquiry into the factual basis can be determined by the circumstances of each case and left to the sound discretion of the judge. (See *People* v. *Watts* (1977) 67 Cal.App.3d 173, 178-179 [136 Cal.Rptr. 496].)

Such a rule should be applied to all serious misdemeanors and felonies.[2] Vehicle Code section 23102, subdivision (a), has serious societal as well as individual consequences and is definitely such a serious offense. In advocating the adoption of such a rule, we should also recognize the increasing number of felony cases previously handled by the superior courts which are now processed as misdemeanors by the municipal and justice courts pursuant to Penal Code section 17, subdivision (b) (4) and (5).

Adoption of such a rule would discourage the filing of baseless motions, would permit quick disposition of baseless collateral attacks and would reduce the waste of judicial resources and the proliferation of post-conviction litigation, all of which affects the finality of criminal litigation. (See generally *Blackledge* v. *Allison* (1977) 431 U.S. 63 [52 L.Ed.2d 136, 97 S.Ct. 1621], particularly fns. 18, 19 and 20, at pp. 79-80 [52 L.Ed.2d at pp. 150-151].) Such procedure would virtually eliminate the need to resort to a later fact finding proceeding which requires exploring the hidden recesses of an often dimly lit passage toward recollection. As the English poet Thomas Gray pointed out: "Half a word fixed upon or near the spot, is worth a cartload of recollection."

Appellant's petition for a hearing by the Supreme Court was denied June 22, 1978.

---

[2]Penal Code section 1192.5 is commonly thought to apply a factual basis rule to felonies. However, a careful reading would seem to limit it to plea bargain situations (see *People* v. *Watts, supra,* 67 Cal.App.3d 173, 178).