[Civ. No. 42741. First Dist., Div. Two. Sept. 18, 1978.]

WESLEY LEE BALLARD, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE SOUTHERN JUDICIAL
DISTRICT OF SAN MATEO COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

## COUNSEL

Austin F. Stevens for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and Robert R. Granucci, Deputy Attorney General, for Real Party in Interest and Respondent.

## OPINION

**TAYLOR, P. J.**—Wesley Lee Ballard appeals from a minute order denying his petition for writ of mandate to compel the municipal court to vacate his August 29, 1975, conviction for misdemeanor drunk driving (Veh. Code, § 23102, subd. (a)) entered on his plea of guilty while in pro. per. He argues that since the record clearly indicates that prior to the acceptance of the guilty plea the municipal court made no inquiry as to the factual basis for his plea of guilty, there could be no valid or

intelligent waiver of his rights, and, therefore, the 1975 conviction was unconstitutional; he also asserts that the absence of a requirement of such a factual determination constitutes a deprivation of equal protection and due process under the state Constitution and the federal Constitution. For the reasons set forth below, we have concluded that the order should be affirmed.

The record indicates that on August 29, 1975, Ballard appeared before the Municipal Court of San Mateo County. The court said: "You are charged with driving under the influence of liquor on August 9 on Route 1." The court then inquired whether Ballard understood the charge and received an affirmative answer. Next, the court asked whether Ballard was going to get a lawyer to represent him. Ballard said no. The court then inquired whether Ballard had read and understood everything on the form advising him of his rights.[1] After receiving an affirmative answer, the court then asked Ballard whether he understood that his guilty plea would constitute a waiver of all of the specified rights. Ballard indicated that he understood that he was waiving his rights and indicated that no promises or threats had been made to induce his plea. The court then informed Ballard of the maximum punishment which could be imposed and asked if Ballard still wished to plead guilty. He replied affirmatively. The court made a finding that he had freely, knowingly and intelligently waived his rights.

The court then formally accepted Ballard's plea and asked: "Is there anything you want to tell me about the case?" Ballard said no. The court then inquired whether Ballard had any similar prior convictions. Ballard replied that he had a citation for carrying an open container. Ballard was then fined $315, sentence was imposed, and summary probation granted for a period of nine months, on condition that Ballard obey all laws and pay the fine in specified installments. The court ordered that Ballard's driver's license not be suspended. The court warned Ballard that if he suffered another such conviction within five years, he would lose his license for one year and would have to go to jail.

Ballard did not move to have his plea in the 1975 case set aside nor was there any appeal from the judgment. Thus, the instant proceeding constitutes a collateral attack on his 1975 conviction.

---

[1]The record indicates that Ballard signed both sides of a form containing a full *Mills* advisement of his rights. (*Mills v. Municipal Court*, 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273].)

On February 16, 1977, Ballard was again charged with misdemeanor drunk driving; the complaint also alleged the August 1975 prior conviction for the same offense. Ballard unsuccessfully sought to have the allegation concerning his 1975 prior conviction stricken from the complaint and the conviction declared unconstitutional as he was not represented by counsel, and no inquiry into the factual basis for his plea had been made. On September 27, 1977, Ballard petitioned the superior court for a writ of mandate;[2] the writ was denied after a hearing.

In *Mills* v. *Municipal Court*, 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273], our Supreme Court, on the basis of *Boykin* v. *Alabama*, 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], and *In re Tahl*, 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449], held at pages 301 and 302 that an on-the-record waiver of constitutional rights was required in all felony and misdemeanor cases whether the defendant appears before the court, either in person or by his counsel. Although Ballard emphasizes the fact that he was not represented by counsel in the 1975 proceedings, the record summarized above indicates that he intelligently and knowingly waived all of his constitutional rights before pleading guilty, as required by *Mills*. Ballard, however, argues that in the absence of a factual inquiry, there could be no knowing and intelligent waiver of his rights.

The question before us, therefore, is whether the court, in accepting a guilty plea for a misdemeanor, must inquire as to whether there was any factual basis for the plea.[3] *Mills, supra,* did not reach this issue. Since the filing of the briefs in the instant case, the question was discussed and examined by the Fifth District in *Ganyo* v. *Municipal Court*, 80 Cal.App.3d 522 [145 Cal.Rptr. 636] (hg. den., June 22, 1978). The court first pointed out (at p. 530) that Penal Code section 1192.5[4] pertaining to plea bargains in felony cases is the only statutory requirement in this state which requires that the court satisfy itself that there is a factual basis for

[2]Ballard's petition was supported by the reporter's transcript of the August 29, 1975, proceedings and his declaration indicating that he was not represented by counsel and that the court made no inquiry as to whether there was a factual basis for the charge.

[3]The identical question was raised, but not determined, in *Salazar* v. *Municipal Court*, 44 Cal.App.3d 1024, 1026 [119 Cal.Rptr. 98], as the law applicable to *Salazar's* 1970 drunk driving conviction predated *Mills, supra,* 10 Cal.3d 288, 301-302, which by its terms applied prospectively only to pleas to misdemeanor convictions entered after October 25, 1973.

[4]The statute provides, so far as pertinent: "*Upon a plea of guilty . . . to an accusatory pleading charging a felony . . . . The court shall also cause an inquiry to be made of the defendant to satisfy itself . . . that there is a factual basis for such plea.*" (Italics added.)

the guilty plea, citing *People* v. *Watts,* 67 Cal.App.3d 173 [136 Cal.Rptr. 496], decided by this court (Division Three).

■ The court then set forth the applicable law in *Ganyo, supra,* at page 531: "It is not clear that failure to determine that there is a factual basis for a plea, being of nonconstitutional dimensions, can ever support a collateral attack upon a plea of guilty, collateral attacks being normally limited to constitutional defects or a judgment which is void on its face. (19 Cal.Jur.3d, § 1519, pp. 795-799.) In *In re Birch, supra,* 10 Cal.3d 314 [110 Cal.Rptr. 212, 515 P.2d 12], in an analogous situation, the court further muddied the already murky water in this area by holding that in the absence of an attorney the failure to advise of the consequences of a plea (which, as we have seen, has no constitutional substructure) could at least in part support a collateral attack upon a guilty plea. In *Birch,* however, the failure to advise of the consequences of the plea was coupled with the failure to advise of the defendant's constitutional right to an attorney.

"We find it unnecessary to finally answer whether the failure to explain the factual basis for a plea of guilty can furnish a basis for a collateral attack on a guilty plea, and for purposes of this opinion assume that such a failure, under proper circumstances, may support such an attack. Not being a *Tahl-Mills* requirement, a petition launching such an attack at the very least would be subject to the law with respect to motions to set aside guilty pleas on constitutional grounds before *Tahl-Mills.* (*Salazar* v. *Municipal Court* (1975) 44 Cal.App.3d 1024 [119 Cal.Rptr. 98].) As was stated in *Salazar*: 'The issue of the validity of the prior conviction, however, can be put in issue *only* by allegations which, if true, would render it constitutionally invalid. At page 215 in [*People* v. *Coffey, supra,* 67 Cal.2d 204 (60 Cal.Rptr. 457, 430 P.2d 15)] the court stated: "We emphasize, however, that the issue must be raised by means of allegations which, if true, would render the prior conviction devoid of constitutional support. 'One seeking to challenge prior convictions charged against him may do so only through a clear allegation to the effect that, in the proceedings leading to the prior conviction under attack, he *neither was represented by counsel nor waived the right to be so represented.*' " ' (At p. 1027.)

"In mounting a collateral attack upon an otherwise valid judgment on the face of the record appellant cannot under the standard herein applicable simply *rely upon the failure of the record to affirmatively show a lack of determination of a factual basis for the plea but must at least clearly*

*and positively allege and show that the requirement was not in fact met at the time the plea was entered. (Salazar v. Municipal Court, supra, 44 Cal.App.3d at p. 1028.)"* (Italics partially added.)

The court then examined Ms. Ganyo's declarations, concluded that these fell "leagues short of meeting the burden," and affirmed the order denying the writ.[5]

In a letter[6] filed with our permission after waiver of oral argument, Ballard points out that here, unlike *Ganyo, supra,* 80 Cal.App.3d 522, the record affirmatively shows that no determination of the factual basis for his plea was made and he so alleged in his petition seeking the writ. While this is so, it does not follow that Ballard has therefore mounted a sufficient collateral attack on his 1975 conviction.

As to his right to counsel, the record of the August 29 proceeding indicates that in addition to the signed waiver form,[7] which dealt with all

---

[5]A concurring opinion, at pages 532 and 533, urged the adoption of a rule similar to Federal Rules of Criminal Procedure, rule 11(f), requiring a factual basis determination for unrepresented misdemeanor defendants, as follows (p. 533): "Such a rule should be applied to all serious misdemeanors and felonies. Vehicle Code section 23102, subdivision (a), has serious societal as well as individual consequences and is definitely such a serious offense. In advocating the adoption of such a rule, we should also recognize the increasing number of felony cases previously handled by the superior courts which are now processed as misdemeanors by the municipal and justice courts pursuant to Penal Code section 17, subdivision (b)(4) and (5).

"Adoption of such a rule would discourage the filing of baseless motions, would permit quick disposition of baseless collateral attacks and would reduce the waste of judicial resources and the proliferation of post-conviction litigation, all of which affects the finality of criminal litigation. (See generally *Blackledge* v. *Allison* (1977) 431 U.S. 63 [52 L.Ed.2d 136, 97 S.Ct. 1621], particularly fns. 18, 19 and 20, at pp. 79-80 [52 L.Ed.2d at pp. 150-151].) Such procedure would virtually eliminate the need to resort to a later fact finding proceeding which requires exploring the hidden recesses of an often dimly-lit passage toward recollection. As the English poet Thomas Gray pointed out: 'Half a word fixed upon or near the spot, is worth a cartload of recollection.'"

[6]The People have not seen fit to reply to the letter.

[7]So far as pertinent, the form contained the following "Instructions As To Your Rights:
"You have the following constitutional and other legal rights:
"1. You have the right to have the complaint read in open court.
"2. You have the right to a lawyer at all stages of the proceedings.
"3. You have a right to a continuance to obtain a lawyer if you want one.
"4. If you are without funds to hire a lawyer the Court can appoint one for you.
"5. You have a right to have reasonable bail set by the Court.
"6. You have a right to subpoena and present evidence and witnesses in your own behalf.
"7. You have a right to cross-examine the People's witnesses.
"8. You have a right against self-incrimination.
"*If you are charged with a misdemeanor* you also have the following rights:

of his rights in detail, the court questioned Ballard in lay language and received an affirmative answer.

■ Ballard, however, argues that authority for his position that a factual basis determination is a prerequisite for a valid waiver is demonstrated by *People* v. *Watts, supra,* 67 Cal.App.3d 173. We do not agree. In *Watts,* this court, at pages 179-180, held that a plea bargaining felony defendant was entitled to an on-the-record inquiry into the factual basis for his guilty plea pursuant to Penal Code section 1192.5, as amended in 1974.[8] Thus, *Watts* does not support defendant's argument that an on-the-record inquiry is also required before a court can enter a guilty plea to a misdemeanor. The rationale underlying Watts was set forth at page 178 as follows: "The purpose of the requirement is to protect against the situation where the defendant, although he realizes what he has done, is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged (1 Wright, Federal Practice and Procedure (1969) § 174, pp. 376-377). Inquiry into the factual basis for the plea ensures that the defendant actually committed a crime at least as serious as the one to which he is willing to plead." Even assuming, without conceding, that the factual basis requirement should be applied to misdemeanors in this state, the instant record indicates a simple, every day offense. Ballard's responses to the trial court indicate that he understood the charge, which was explained to him as to its nature, date and place. Ballard has not indicated what additional factual basis determination should have been made here.

We turn next to Ballard's contentions predicated on a denial of equal protection and due process issues apparently not raised in *Ganyo, supra,* 80 Cal.App.3d 522. ■ Initially, we note that legislative classification

---

"A. You have a right to a trial by jury.

"B. You have a right to a speedy trial, which means within 30 days following arraignment if you are in custody or within 45 days following arraignment if you are not in custody. If you are not brought to trial within the time stated, your case must be dismissed.

"C. If you are appearing on a citation for traffic or fish and game violations, you have a right to have a formal complaint filed, and if you request this of the Court the matter will be continued so that you can return on a later date to plead.

"D. You have a right to be sentenced in not less than six hours nor more than five days after you enter a plea of guilty, plea of nolo contendere, or conviction by trial."

[8]The 1974 amendment, Statutes of 1974, chapter 72, section 1, substituted "accusatory pleading charging a felony" for "information, indictment" in the first paragraph. As Penal Code section 951 indicates that an information or indictment can be used for a misdemeanor (although this rarely, if ever occurs), the pre-1974 version of Penal Code section 1192.5 could have been held applicable to misdemeanors.

is permissible when made for a lawful state purpose and when the classification bears a rational relationship to that purpose (*McGowan* v. *Maryland,* 366 U.S. 420, 425-426 [6 L.Ed.2d 393, 398-399, 81 S.Ct. 1101]). Wide discretion is given to the Legislature in making the classification and every presumption is in favor of the validity of the statute. A legislative classification will not be overthrown unless it is palpably arbitrary (*In re Ricky H.,* 2 Cal.3d 513 [86 Cal.Rptr. 76, 468 P.2d 204]).

While we recognize that a stricter standard is applied in testing legislation involving "suspect classifications" or "fundamental interests," Ballard has not urged that such a classification is involved here. Ballard makes only a general argument that he is entitled to an inquiry into the factual basis of his plea, like all misdemeanants in the federal system, and plea bargaining felons in the state system. However, he cites no authorities requiring identity in all aspects of state and federal procedure; in fact, given the far greater volume of misdemeanants in the courts of this state, such a requirement is not one that can, or should, be imposed by an intermediate appellate court or imposed retroactively (see *Mills* v. *Municipal Court, supra,* 10 Cal.3d 311). Furthermore, our Supreme Court has recognized that the stark reality of overcrowding in our municipal courts makes strict application of felony procedures to misdemeanor cases untenable and unwise (see *Mills, supra,* fn. 11, p. 302; *In re Johnson,* 62 Cal.2d 325 [42 Cal.Rptr. 228, 398 P.2d 420]). While arguably there is a fundamental interest in a fair criminal procedure, we do not think that there is such an interest in the distinct area of pleading. Accordingly, we will examine the legislative classification here pursuant to the standard of "rational relationship" to a rational purpose (*McGowan* v. *Maryland, supra,* 366 U.S. 420).

In an obvious effort to alleviate the strain of a burdened calendar, the Legislature decided certain procedures, such as those outlined in section 1192.5, should be used only in the disposition of felonies. We also cannot ignore the realities of the municipal court and the frequency of violations of Vehicle Code section 23102, subdivision (a). As long as the defendant's constitutional rights are respected, the convenience of the parties and the court should be given considerable weight (*In re Johnson, supra,* 62 Cal.2d, p. 336).

We cannot say that the Legislature's purpose or method of achieving it is so unreasonable as to lack all rational basis. We conclude, therefore, that the present classification of the 1974 amendment of Penal Code section 1192.5, which does not require a factual basis determination for

misdemeanor defendants, does not violate either the equal protection clause of the state Constitution[9] (cf. *Brown* v. *Superior Court,* 5 Cal.3d 509, 520 [96 Cal.Rptr. 584, 487 P.2d 1224]), or that of the Fourteenth Amendment of the United States Constitution.

■ Ballard's due process argument is not persuasive. The record indicates that he was informed of his rights but chose to waive them and plead guilty. All of the requirements of *Mills* v. *Municipal Court, supra,* 10 Cal.3d 288, were met. We cannot agree with Ballard's proposition that due process requires the court to scrutinize his plea for its factual basis. "As applied to criminal matters, due process generally includes notice [citation], presence and a hearing [citation], and representation by counsel [citation]." (*People* v. *Youngs,* 23 Cal.App.3d 180, 184 [99 Cal.Rptr. 901].) All of these rights would have been afforded to Ballard if he had chosen to attack his 1975 conviction directly.

Affirmed.

Kane, J., and Rouse, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 15, 1978.

---

[9]Article I, section 7, subdivision (a).