[Crim. No. 6181. Fifth Dist. Aug. 9, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWIN TROUT, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

¹Part I is not published, because it does not meet the standards for publication contained in California Rules of Court, rule 976(b).

## COUNSEL

Roger Harden Spaulding, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian and John K. Van de Kamp, Attorneys General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger S. Prager, Robert D. Marshall and Christine M. Diemer, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FRANSON, Acting P. J.**—Appellant stands convicted by jury of first degree burglary and was found by the trial court to have suffered a prior conviction. Appellant was sentenced to state prison for a total term of seven years, comprised of the six-year upper base term for the burglary conviction and a one-year enhancement for the prior conviction.

A statement of the facts is unnecessary because appellant's contentions of error relate to two procedural matters: (1) appellant was denied his constitutional right to self-representation (*Faretta* v. *California* (1975) 422 U.S. 806, 821 [45 L.Ed.2d 562, 574, 95 S.Ct. 2525]); and (2) his prior conviction cannot constitutionally be used to enhance his burglary conviction.

(*Ganyo* v. *Municipal Court* (1978) 80 Cal.App.3d 522, 525 [145 Cal.Rptr. 636].) We accept appellant's first contention and reverse the judgment. For guidance of the trial court in the event appellant is convicted on a retrial, we also speak to the second contention.

DISCUSSION

I[2]

II

*Although the trial court improperly rejected appellant's motion to collaterally attack his prior conviction on jurisdictional grounds, i.e., that it was based on grounds other than denial of the right to counsel, the motion was meritless.*

■ Appellant's motion to strike his prior conviction was based on the assertion he was not adequately informed of certain constitutional rights during his earlier guilty plea, and therefore, he did not expressly waive those rights pursuant to *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] and *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]. Appellant's declaration in support of the motion provided in relevant part:

"That I was the defendant in case number 29841, in the San Diego Superior Court;

"That I do not recall receiving advisement of each individual right to a jury trial, confrontation of witnesses or to remain silent;

"That I do not remember making personal and express waivers to each individual right."

The change of plea form used in San Diego County has appellant's initials next to the following statement: "That his attorney has explained and discussed his constitutional rights with him; that he understands his constitutional rights; that his constitutional rights have not been violated; that his attorney has specifically explained to him (1) the right to a jury trial, (2) the right to confront those witnesses who would testify against him and to cross examine those witnesses, (3) the right to testify in his own behalf or not to testify if he desires to remain silent; that defendant knowingly and intelligently gives up these constitutional rights."

---

[2]See footnote 1, *ante*.

The trial court did not reach the merits of appellant's claim, but rather based its denial of the motion on a lack of jurisdiction under *People* v. *Reeves* (1981) 123 Cal.App.3d 65, 68-69 [176 Cal.Rptr. 182], which held that a motion to strike may not be used to collaterally attack a prior conviction on grounds other than the right to counsel. *Reeves* is part of one line of cases that narrowly interpret *People* v. *Coffey* (1967) 67 Cal.2d 204, 215 [60 Cal.Rptr. 457, 430 P.2d 15], which held that "'One seeking to challenge prior convictions charged against him may do so only through a clear allegation to the effect that, in the proceedings leading to the prior conviction under attack, he *neither was represented by counsel nor waived the right to be so represented.*' (Original italics.) (*People* v. *Merriam* (1967) 66 Cal.2d 390, 397.)"

*Reeves,* however, also points out that a second line of cases has broadly interpreted *Coffey* to allow collateral attack of a prior conviction based on *Boykin* and *Tahl* on grounds other than the right to counsel. (*People* v. *Reeves, supra,* 123 Cal.App.3d at pp. 68-69, fn. 1.)

The cases narrowly construing *People* v. *Coffey* are not convincing. Since *Boykin* and *Tahl* involved fundamental rights, including the right to counsel, collateral attack should not be limited to the alleged denial of only one constitutional right. Also, *Coffey* is a pre-*Boykin-Tahl* case and was only concerned with a pretrial motion to strike the prior conviction based on assistance of counsel. It never addressed the broader issue of raising the denial of constitutional rights other than the right to counsel.

■ Turning to the merits of the issue, it is clear that the *Boykin-Tahl* requirements were satisfied in the present case. The question presented is whether the San Diego County *Boykin-Tahl* waiver comports with this court's decisions in *Youkhanna* v. *Municipal Court* (1978) 86 Cal.App.3d 612, 615, footnote 1 [150 Cal.Rptr. 380], and *Stewart* v. *Justice Court* (1977) 74 Cal.App.3d 607, 612 [141 Cal.Rptr. 589]. We hold that it does. These cases require that the record show the defendant expressly and explicitly waived his constitutional rights. *Youkhanna* involved docket sheet entries which reflected advisement and waiver of rights but there was no indication the defendants signed or initialed any waiver form as in the present case. (*Youkhanna, supra,* 86 Cal.App.3d at p. 612, fn. 1.) *Stewart* involved a minute order with a checklist of the rights given which was apparently completed by the court clerk. A checkmark was placed in front of certain items including, "Defendant made knowing and intelligent waiver of counsel." Typed on the backside of the docket and over the judge's signature as to waiver was, "Defendant freely and intelligently waived all constitutional rights and entered a plea of guilty to charge." (*Stewart, supra,* 74 Cal.App.3d, at p. 609.) Again, however, there was no signature or

initial by the defendant to verify the accuracy of the recitations in the waiver.

The instant case is distinguishable since appellant's initials next to the complete advisement of his rights combined with the explicit waiver suffice to meet the requirement that the waiver be express. The initials perfected the record.

The judgment is reversed for the reasons set forth in part I of the opinion.

Hanson (P. D.), J., and Hamlin, J., concurred.