[Civ. No. 43792. First Dist., Div. Four. Nov. 2, 1978.]

FLOYD LEON NELSON, Plaintiff and Appellant, v.
THE JUSTICE COURT FOR THE UKIAH JUDICIAL DISTRICT OF
MENDOCINO COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Rawles, Hinkle, Finnegan & Carter, E. Frank Coon and Patrick M. Finnegan for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien and Robert R. Granucci, Deputy Attorneys General, for Real Party in Interest and Respondent.

**OPINION**

**CHRISTIAN, J.**—Floyd Leon Nelson appeals from a judgment by which the superior court denied a writ to compel respondent justice court to vacate a 1975 conviction of violating Vehicle Code section 23102, subdivision (a), (drunk driving).

Plaintiff has now been charged with a new offense of drunk driving. ■ The purpose of the present proceeding is to defeat if possible the allegation in the new complaint that appellant has suffered a prior conviction of drunk driving.

No reporter's transcript has been presented reflecting colloquy in the justice court at the time when appellant was arraigned and pleaded guilty to the 1975 drunk driving charge. Inferably the only record of that hearing is the justice court's minutes, which contain the following: "Defendant knowingly and intelligently waived his rights to an attorney, to a trial by jury, to confront his accusers, time for plea, his privilege against self-incrimination and entered a plea of guilty to a violation of Section 23102a CVC, with a full understanding of the charge and the consequences of his plea . . . ." Appellant contends that, in two other cases, the appellate division of the superior court has determined that a docket entry identical to that quoted above does not meet *Boykin-Tahl*[1] requirements which are applicable to the taking of a plea of guilty to a misdemeanor. (See *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273].) It is contended, citing *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937], that the refusal of the justice court to follow a decision of the appellate department of the superior court was contrary to the doctrine of stare decisis and constituted an act in excess of jurisdiction. It is true that when an appellate court has given a direction in a particular cause, that direction establishes the law of the case and is binding upon the trial court when it takes further proceedings in the same cause. (6 Witkin, Cal. Procedure (2d ed.) Appeal, § 634, p. 4553.) But the two prior decisions of the appellate department of the superior court, referred to by appellant, did not establish the law of the case for the cause now under review. The decisions in question did not result in any published opinion. It is provided in rule 977, California Rules of Court, that with exceptions not pertinent here, an unpublished opinion "shall not be cited by a court or by a party in any other action or proceeding." Judicial decisions which the court and counsel were precluded from citing necessarily did not constitute authority binding upon the justice court. Therefore, the rule of *Auto Equity Sales, supra,* had no application.

■ Appellant also contends that, without regard to the status as authority of the above-discussed decisions of the appellate department of

[1]*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

the superior court, the justice court should have vacated the 1975 plea of guilty on *Boykin-Tahl* grounds. Citing *In re Birch* (1973) 10 Cal.3d 314 [110 Cal.Rptr. 212, 515 P.2d 12], appellant contends that the explicit recitals in the minutes of the justice court that appellant had been informed of his constitutional rights and knowingly waived them before pleading guilty do not directly establish that *Boykin-Tahl* requirements were met. *In re Birch* is to be distinguished. There, the Supreme Court was confronted with a reporter's transcript of proceedings at the arraignment which in important particulars contradicted the recitals in the minutes. Moreover, there was no showing either in the minutes or in the reporter's transcript that the accused had been informed at any point that conviction on the pending charge of violating Penal Code section 647, subdivision (a), would result in a requirement of registration as a sex offender. (*In re Birch, supra,* 10 Cal.3d at p. 318.) Here, in contrast, the minutes (prepared and certified by the clerk who inferably heard the advice given by the court and appellant's responses thereto) directly establish that there was compliance with *Boykin-Tahl* requirements. Those recitals are not contradicted by any reporter's transcript or by any other evidence. *Stewart* v. *Justice Court* (1977) 74 Cal.App.3d 607 [141 Cal.Rptr. 589], cited by appellant, is also to be distinguished. In *Stewart,* there was no record (in the minutes or elsewhere) showing that the defendant had expressly waived his rights. In contrast, the present record shows that appellant was informed of each of the constitutional rights given up by a plea of guilty, and that he expressly waived those rights. The taking of a written waiver, especially in the case of an unrepresented defendant, is the better practice but the present record is not inconsistent with *Boykin-Tahl* standards.

It was not error to deny a writ to compel the justice court to vacate the prior conviction.

Affirmed.

Caldecott, P. J., and Parrish, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 17, 1979.

---

*Assigned by the Chairperson of the Judicial Council.