[Civ. No. 3968. Fifth Dist. Nov. 21, 1978.]

MIKHAIL YOUEL YOUKHANNA, Petitioner, v.
THE MUNICIPAL COURT FOR THE STANISLAUS COUNTY
JUDICIAL DISTRICT OF STANISLAUS COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[Civ. No. 3931. Fifth Dist. Nov. 21, 1978.]

ALBERT GILBERT JOHNSON, Petitioner, v.
THE MUNICIPAL COURT FOR THE STANISLAUS COUNTY
JUDICIAL DISTRICT OF STANISLAUS COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[Civ. No. 3932. Fifth Dist. Nov. 21, 1978.]

MICHAEL W. MITCHELL, Petitioner, v.
THE MUNICIPAL COURT FOR THE STANISLAUS COUNTY
JUDICIAL DISTRICT OF STANISLAUS COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Lacy & Lacy, Edward M. Lacy, Jr., Moorad & Clark, Albert G. Clark, Jr., John Hollenback, Jr., Michael Ward and John T. Farrell for Petitioners.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Vincent J. Scally, Jr., and John W. Spittler for Real Party in Interest.

## OPINION

**FRANSON, J.**—Petitioners are scheduled to be sentenced for a violation of Vehicle Code section 23102, subdivision (a) (driving under the influence of intoxicating liquor). Each petitioner has admitted that he suffered one or more prior convictions of the same offense pursuant to guilty pleas entered after October 25, 1973, the date of the decision in *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273]. Each petitioner filed a motion to strike the prior convictions on the ground that the records of the convictions (docket sheets) did not reflect that petitioner expressly and explicitly waived his constitutional rights to jury trial, confrontation, self-incrimination, and counsel. (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].) The motions to strike were denied by the respondent court.

Thereafter, each petitioner filed a petition for an alternative writ of prohibition and/or mandate in the superior court to compel the respondent court to strike his prior convictions. The superior court denied the petitions. Each petitioner thereafter filed a petition for a writ of supersedeas in this court. We chose to consider the petitions as a request for a writ of mandate and stayed all proceedings in the respondent court pending further order.

The fundamental issue is whether petitioners' prior convictions of drunk driving are constitutionally invalid because the records of the entry of the guilty pleas do not show on their face that the petitioners expressly and explicitly waived their constitutional rights. Included within this question is whether an inadequate record of a waiver of constitutional rights creates a conclusive presumption of invalidity of the guilty plea so that the People are barred from offering any evidence outside the record to prove a valid waiver or whether the presumption is rebuttable so that the People may present extrinsic evidence to prove the waiver.

■ In *Boykin* v. *Alabama, supra,* the Supreme Court reversed a felony conviction which followed a plea of guilty because the record did not disclose that the accused voluntarily and understandingly waived his constitutional rights against self-incrimination, to trial by jury, and to confront one's accusers. In *In re Tahl, supra,* 1 Cal.3d 122, the California Supreme Court elaborated on *Boykin* by holding that the constitutional rights mentioned in that case together with the right to counsel must be specifically and expressly enumerated for and waived by an accused

before he enters a guilty plea. This waiver must appear *on the face of the record* (1 Cal.3d at p. 132).

In *Mills* v. *Municipal Court, supra,* 10 Cal.3d 288, the California Supreme Court extended the *Boykin-Tahl* requirements prospectively to all misdemeanor pleas entered after the date of the *Mills* decision. The court approved the practice of advising misdemeanants of their rights collectively but cautioned that such collective warnings should be supplemented by some method of assuring an adequate record of waiver, such as a written waiver form which an accused reads and signs or a reporter's transcript of his waiver (*id.,* at p. 307).

Finally, in *Stewart* v. *Justice Court* (1977) 74 Cal.App.3d 607 [141 Cal.Rptr. 589], this court held that where "the record *on its face* does *not* show that the appellant *expressly* and *explicitly* waived his constitutional rights . . ." (*id.,* at p. 610, italics original), the prior conviction must be vacated. It was held that an inference of a knowing and intelligent waiver, no matter how plausible, cannot be substituted for an express recitation on the record of a personal waiver of each constitutional right by the defendant. If the waiver were left to implication from the fact that the defendant pleaded guilty after being advised of his rights, there would be a danger of uncertainty in this critical area; certitude can be achieved only by requiring a recitation on the face of the docket sheet of an express waiver by the defendant. (Cf. *Ganyo* v. *Municipal Court* (1978) 80 Cal.App.3d 522 [145 Cal.Rptr. 636].)

The present cases involve docket sheet entries which, like those in *Stewart,* do not recite that the petitioners *expressly* and *explicitly* waived their constitutional rights.[1]

The People concede that the docket entries in the present cases do not comply with the requirements of *Stewart, supra.* ■ Nonetheless, the Attorney General argues that the defective record merely raises a

[1]The docket sheets recite: "Defendant advised of, understood, and knowingly and voluntarily waived all the following rights: his privilege against self-incrimination, the right to jury trial, and the right to confrontation and cross-examination of the witnesses against him. After questioning the defendant the Court determined that he understood the nature of the charge, the elements of the offense, the pleas available thereto, the possible defenses thereto, the possible range of penalties and other consequences of his plea (including the effect of the admission of any prior convictions and the required finding of guilt upon a plea of nolo contendere)."

The word "expressly" was subsequently added to the docket sheet by a court employee because of a misunderstanding. The Attorney General concedes it should not be given legal effect.

rebuttable presumption as to the unconstitutionality of the plea; that the People should be allowed to present extrinsic evidence showing that petitioners were in fact advised of and expressly waived each of their *Boykin-Tahl* rights.

Assuming that an inadequate record raises a "presumption" that the defendant did not knowingly and voluntarily waive his constitutional rights, we hold that the presumption should be deemed conclusive for several reasons: First, in *Boykin* it is stated, "When the judge discharges that function [proper taking of plea on record] he leaves a record adequate for any review that may be later sought [citation] and forestalls the spin-off of collateral proceedings that seek to probe *murky memories.*" (Italics added, *Boykin* v. *Alabama, supra,* 395 U.S. 238, 243-244 [23 L.Ed.2d 274, 280].) In *In re Tahl* the California Supreme Court took note of this language from *Boykin* and said, "The quoted language, . . . makes clear that a plea of guilty *cannot stand* unless the record in some manner indicates a free and intelligent waiver of the three enumerated rights necessarily abandoned by a guilty plea and an understanding of the nature and consequences of the plea . . . , and a fortiori a silent record is insufficient." (Italics added, *In re Tahl, supra,* 1 Cal.3d at p. 130.) From this language we can only conclude that the Supreme Court intended that a defective record as to a waiver renders the guilty plea invalid. To permit the People to go behind the record in subsequent proceedings would result in probing those murky memories condemned by *Boykin.* It would place in issue the sentencing judge's credibility.

Second, one important purpose of the *Boykin-Tahl-Mills* rule is to simplify the process of ruling on the adequacy of guilty pleas by encouraging the development of complete records. Permitting extrinsic evidence to take the place of on-the-record evidence would be to undercut *Mills* and defeat the goal of simplification. It would strain the already overworked superior and municipal courts. (See *Stewart* v. *Justice Court, supra,* 74 Cal.App.3d 607, 611, fn. 1; *Ganyo* v. *Municipal Court, supra,* 80 Cal.App.3d 522, 533 (conc. opn. by Hopper, J.).)

Third, the proposition that the People would be able to show a valid waiver in the face of a defective record is illusory at best. Because of the volume of pleas entered in our municipal and justice courts, it is doubtful that judges or court personnel would have any specific recollection of what an accused was asked and said in a specific case. Circumstantial evidence as to habit and custom of a judge in accepting guilty pleas would not suffice to rebut the presumption of invalidity. Such inferential

reasoning cannot be used to establish a waiver. (*Stewart* v. *Justice Court, supra,* 74 Cal.App.3d at p. 612.)

The People argue that we should declare *Stewart* v. *Justice Court, supra,* to be only prospective in its application so as to save the prior convictions here involved. The problem is that *Stewart* did not establish new law but held simply that the docket sheet used by the Avenal Justice Court after the date of *Mills* did not affirmatively show on its face the express and explicit waiver required by *Mills. Stewart* did not extend, add to, modify, or reject in any part the law established in *Mills.* Thus, we have no alternative but to apply *Stewart* retroactively to the *Mills* date—October 25, 1973.

It is ordered that writs of mandate issue in each of the above entitled cases directing that respondent municipal court grant petitioners' motions to strike the prior convictions.

Brown (G. A.), P. J., and Hopper, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied January 17, 1979.