[Crim. No. 35486. Second Dist., Div. Five. Dec. 19, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
FRED LEO BULLER, Defendant and Appellant.

COUNSEL

Owen P. Rafferty and Philip A. Rafferty for Defendant and Appellant.

Burt Pines, City Attorney, Rand Schrader, Mark L. Brown and Greg Wolff, Deputy City Attorneys, for Plaintiff and Respondent.

OPINION

KAUS, P. J.—In January 1978, defendant was charged with a violation of section 23102, subdivision (a) of the Vehicle Code—driving under the influence of alcohol. The complaint charged four prior convictions of the same offense. Defendant pleaded guilty, admitted one of the charged priors and filed motions to strike the other three. The motions were denied. Under the compulsion of these rulings defendant then admitted all the priors. The appeal challenges only the validity of the court's ruling with relation to the three contested priors.

### DISCUSSION

The first two of the challenged prior convictions—suffered in 1971 and 1973 respectively—present the same issue. In each case defendant pleaded guilty without being represented by counsel. In each case the only suggestion that he had been advised of the right to counsel is a preprinted form which contains a recital to the effect that defendant had been advised of his rights, including his right to counsel. Below this printed recital is a statement that defendant expressly waived each of four specified rights, including the right to counsel. Next to each right waived is a printed square box and each box is checked off in ink. The check-offs refer only to the waivers of rights, not to the advice thereof.

Thus, as to the various advices of defendant's rights—as distinguished from the waivers of those rights—there is no particularized record at all: just a preprinted form. This clearly violates the precepts

of *In re Smiley* (1967) 66 Cal.2d 606 at page 617, footnote 8 [58 Cal.Rptr. 579, 427 P.2d 179].[1] ■ The records concerning the 1971 and 1973 convictions therefore do not adequately show that defendant was advised of his rights, including the right to counsel. The fact that the records indicate that the rights were waived, does not establish that defendant had been properly advised of the right he was waiving. (*In re Birch* (1973) 10 Cal.3d 314, 320 [110 Cal.Rptr. 212, 515 P.2d 12].)

The motion to strike the 1971 and 1973 priors should have been granted.

With respect to the third prior—suffered in 1974—the record is more complex in that we have a reporter's transcript. It shows that at the beginning of the proceedings all prospective defendants were advised by a deputy city attorney. With respect to the right to counsel, the defendants were thus informed: "You have a right to be represented by an attorney at every stage of these proceedings, including this arraignment, and if you want time to consult with an attorney before you enter a plea here, you should so advise the court and you will be granted a brief continuance for that purpose. If you desire to consult with an attorney and you do not have the money to hire private counsel, the court will, upon your request, appoint a Public Defender to represent you.

"If you intend to plead guilty or no contest, you should be aware that the court, in its discretion, may refuse to accept such a plea from you unless it appears to the court that you fully understand the charges against you and that you fully understand your rights and that you have knowingly and understandingly decided to give up your rights to plead. . . .

"In order for you to enter a plea of guilty or no contest it will be necessary for you to give up the following rights:. . .If you are not represented by counsel, the right to counsel;. . ."

The court then took the bench and defendant, unrepresented by counsel, pleaded "no contest." The deputy prosecutor then asked him, among other questions: "Do you further understand that by pleading no contest you are giving up your constitutional rights to remain silent, to a jury

---

[1]"Such entries, of course, must be prepared for the particular case before the court; the requirement will not be satisfied by the use of minute forms containing printed recitals of this advice. . . ." (*In re Smiley* (1967) 66 Cal.2d 606, at p. 617, fn. 8 [58 Cal.Rptr. 579, 427 P.2d 179].)

trial, to cross-examine the witnesses against you, *to an attorney, or court-appointed attorney if you can't afford one,* and to a speedy trial?" (Our italics.) Defendant answered: "Yes."

■ It is now argued that these proceedings do not show an adequate waiver of the right to counsel. (*Mills v. Municipal Court* (1973) 10 Cal.3d 288 at pp. 307-308 [110 Cal.Rptr. 329, 515 P.2d 273]; *Youkhanna v. Municipal Court* (1978) 86 Cal.App.3d 612, 617 [150 Cal.Rptr. 380]; *Stewart v. Justice Court* (1977) 74 Cal.App.3d 607 at pp. 612-613 [141 Cal.Rptr. 589].) We disagree. This is not a case where one has to infer from the defendant's plea of guilty that he gave up the right to counsel or any other right. To find for the People it is, therefore, not necessary for us to agree with *Hartman v. Municipal Court* (1973) 35 Cal.App.3d 891 [111 Cal.Rptr. 126], at least as interpreted in *Winton v. Municipal Court* (1975) 48 Cal.App.3d 228, 241 [121 Cal.Rptr. 561], where the court seemed to hold that knowledge of a right followed by a guilty plea constitutes an adequate waiver. Nor need we disagree with the *Stewart* and *Youkhanna* cases on which defendant relies. In *Stewart* the court expressly noted that "nowhere in the declaration by the judge or the transcript of his testimony in the superior court or in the docket or minute orders or anywhere does it show either that the judge specifically asked this particular appellant if he waived each of his constitutional rights, or if such a question or questions were asked, what response, if any, was made. The manner of waiving, if in fact there was a waiver, is not made explicit, or is it even mentioned whether it was express." (*Id.,* at pp. 609-610.) The *Stewart* court then goes on to say many things unnecessary to the decision, as noted in the concurring opinion of the presiding justice. In *Youkhanna* the record concededly did not show an adequate waiver. The only issue before the court was whether the People should be given permission to present extrinsic evidence to overcome the presumption that the defendant did not knowingly and voluntarily waive his rights.

Thus, as far as we know, no decided case is conclusive on the question whether the record before us shows an adequate waiver of the right to counsel. We have decided that it does. Whatever may be the appropriate adjectives to describe a constitutionally valid waiver—express, explicit, specific, intelligent, knowing, informed, voluntary or all of the above—the record here shows that defendant was specifically advised of his right to counsel and of some of the collateral rights that went with it. Later, he was specifically asked whether he understood that by

pleading "no contest" he was giving up his right to counsel and he answered that question in the affirmative. It seems clear to us that unless the waiver can only be accomplished by "the recitation of a formula by rote or the spelling out of every detail" of the right waived (cf., *In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449]) this is an adequate waiver.

Defendant sought to strike the 1974 prior on two further grounds: one, that the record does not show that he waived his "constitutional right to witness production"; and, two, that he was not advised of the possible defenses to the charge.

As far as the first ground is concerned, we agree with the reasoning and result of *People* v. *Salazar* (1979) 96 Cal.App.3d Supp. 8, 12 [157 Cal.Rptr. 834] and *People* v. *Garcia* (1979) 98 Cal.App.3d Supp. 14, 17 [159 Cal.Rptr. 487], both of which are adverse to defendant.

Turning to the second ground we note that defendant never alleged that in 1974 he was unaware of the defenses to the charge—indeed, in view of the annual frequency of the three prior charges any such assertion would have met with skepticism. Aware of this hiatus, counsel seeks to analogize defendant's situation with those that moved the respective courts to grant affirmative relief in *In re Smiley* (1967) 66 Cal.2d 606, 625 [58 Cal.Rptr. 579, 427 P.2d 179] and *In re Stocker* (1968) 257 Cal.App.2d 613, 617-618 [65 Cal.Rptr. 240]. Neither case is in point. *Smiley* held that where the court commits constitutional error in denying the right to counsel no showing of prejudice—here, innocence of the charges—was required. In *Stocker* a writ was granted because the petitioner actually did not know a vital element of the offense. (*Id.*, pp. 617-618.) This is a far cry from the situation which defendant claims to compel the striking of the 1974 prior: the mere fact that the record does not show an express advice of "possible defenses," whether defendant needed it or not.[2] ■ As we read *Henderson* v. *Morgan* (1976) 426 U.S. 637, 645, footnote 13 [49 L.Ed.2d 108, 114,

---

[2]To the extent that such possible defenses merely consist of raising a reasonable doubt concerning one of the necessary elements of the People's case, defendant was, of course, advised that he was charged with "driving under the influence of intoxicating liquor..." and it was hardly necessary to spell out that it would be a defense not to have driven or not to have been under the influence. To the extent that counsel may be thinking of fancier "affirmative" defenses—diminished capacity, insanity, entrapment, compulsion, former jeopardy, limitations and the like—we know of no case which requires such a partial course in Criminal Law I before accepting a plea even from an unrepresented defendant.

96 S.Ct. 2253]—or, more importantly, as the California Supreme Court reads that case in *In re Ronald E.* (1977) 19 Cal.3d 315, 325, footnote 8 [137 Cal.Rptr. 781, 562 P.2d 684]—it holds that where, on a collateral attack, rights other than basic constitutional rights such as the *Boykin-Tahl* trilogy are involved, prejudice must be shown—an impossible task where the accused is perfectly aware of the legal rights and principles of which he is not informed.

## DISPOSITION

In sentencing defendant, the trial court stated that it did not take the challenged priors into account in imposing sentence. It is therefore unnecessary to direct that court to resentence appellant. Nevertheless, since the 1971 and 1973 priors may affect defendant's ability to procure or maintain a driver's license, the trial court is directed to strike the alleged prior convictions of July 27, 1971, and January 26, 1973, from the complaint as constitutionally invalid and to advise the Department of Motor Vehicles that it has done so.

In all other respects the judgment is affirmed.

Stephens, J., and Hastings, J., concurred.

A petition for a rehearing was denied January 16, 1980, and the petitions of both parties for a hearing by the Supreme Court were denied February 14, 1980.