Opinion
SAETA, J.
Defendant was charged in a complaint filed in the Municipal Court for the Long Beach Judicial District with driving under the influence of drugs in violation of Vehicle Code section 23105, subdivision (a) on July 1, 1979.[1] The People also pleaded that defendant had been convicted of a previous violation of the same section on December 13, 1977, in the Municipal Court for the Compton Judicial District. Defendant pleaded not guilty and denied the prior offense. Defendant moved under Vehicle Code section 23102.2 to have the 1977 conviction declared constitutionally invalid. By stipulation this motion was postponed until after the trial. Defendant was found guilty on October 1, 1979, of the July 1, 1979, offense and the hearing on the motion was held on November 7, 1979.
Defendant’s motion asserted four grounds: (1) He did not freely, intelligentlv, voluntarily, and understanding^ waive his rights to jury trial, confrontation and against self-incrimination; (2) he had not been told the minimum and maximum sentences nor the consequences of his plea; (3) he did not understand the nature or elements of his offense; and (4) he was denied due process. The trial judge found the 1977 Compton prior constitutionally invalid, because in observing defendant testify in 1979, he formed the opinion that defendant’s understanding appeared very limited and this raised a substantial question of whether he understanding^ waived his constitutional rights. The People appeal from this ruling.
*Supp. 22 The record furnished the Long Beach court consisted of a docket of the 1977 proceedings in Compton. The docket showed there was no reporter present, so no reporter’s transcript could be supplied. Defendant had been arraigned on November 18, 1977, and was advised of his constitutional rights. The docket form has boxes which were checked off as to the rights of which defendant was advised. These checked-off boxes include the rights to a jury trial, confrontation, counsel and against self-incrimination. No waivers of rights are reflected for November 18. The case was continued to December 13, 1977, when defendant entered his plea of guilty and was sentenced. No readvisement of rights is indicated. The entire docket entry as to waiver of rights is as follows:
“Defendant in open court personally waived
1. Rt against self incrimination
2. Rt to confrontation
3. Rt to a jury trial and,
4. Rt to counsel
Affirmatively states that he has not been offered any leniency or suffered any coercion. That he understands the penalties that can be imposed and is pleading guilty solely because he is guilty.”
The Compton records are insufficient to support the 1977 conviction. First, on the third ground advanced by the defendant in his motion, nowhere is it shown that the defendant was told the nature of the charges being brought against him. Such advice is necessary for a defendant to knowingly and intelligently plead to the charges. (In re Ronald E. (1977) 19 Cal.3d 315, 320-321 [137 Cal.Rptr. 781, 562 P.2d 684]; Bunnell v. Superior Court (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086]; In re Birch (1973) 10 Cal.3d 314, 321 [110 Cal.Rptr. 212, 515 P.2d 12].) Outside of the docket entries, there is no evidence at all that this unrepresented defendant understood the charges he was facing.
*Supp. 23 Second, the December 17, 1977, docket entries relating to waiver of the basic constitutional rights are inadequate. In order for there to be a valid waiver of the basic constitutional rights of counsel, confrontation, jury and against self-incrimination, the record must expressly and explicitly show the manner of those waivers. Here the docket states that defendant “personally waived” the enumerated rights. The adverb “personally” is close to those listed in the recent case of People v. Buller (1979) 101 Cal.App.3d 73, at page 77 [160 Cal.Rptr. 657]. There the court says: “Whatever may be the appropriate adjectives to describe a constitutionally valid waiver—express, explicit, specific, intelligent, knowing, informed, voluntary, or all of the above—the record here shows that defendant was specifically advised of his right to counsel and of some of the collateral rights that went with it.” (Ibid.) In Buller, the court had a reporter’s transcript of the 1974 prior conviction of which the court was writing in the passage just quoted. That transcript showed the manner in which the prosecutor, court, and defendant had engaged in the colloquy involving the advisement and waiver of rights.
The manner of the waiver of rights is the essence of the rules set forth in Buller, supra, and the earlier cases of Stewart v. Justice Court (1977) 74 Cal.App.3d 607 [141 Cal.Rptr. 589], and Youkhanna v. Municipal Court (1978) 86 Cal.App.3d 612 [150 Cal.Rptr. 380]. The record in Stewart did not show either that the judge specifically asked the defendant if he waived each of his constitutional rights, or if such a question or questions were asked, what response, if any, was made. “The manner of waiving, if in fact there was a waiver, is not made explicit, or is it even mentioned whether it was express.” (74 Cal.App.3d, at pp. 609-610.) The docket in Youkhanna was much more explicit than the one in our case but was still held to be inadequate. It stated: “Defendant advised of, understood, and knowingly and voluntarily waived all of the following rights.... ”
The docket sheet in our case does not recite how the defendant waived his rights nor whether the judge explained the rights before defendant waived them nor whether there were questions asked and answered, nor whether this was done individually with the defendant or in a group setting. What is missing here is not some magic or talismanic word or words. Absent is a record adequate to show what was done so that we can be assured that the defendant knew the rights he had and knowingly and intelligently waived them before his plea was accepted and entered.
*Supp. 24 Third, the giving of the advice of rights at the arraignment on November 18 was proper but no waiver of those rights was made then. While no case has been found that requires the advice of rights to be regiven so as to be contemporaneous with the waiver of those rights, we suggest that this be done and indicated on the record. In this way the judge taking the plea can assure himself, and so memorialize on the record, that the defendant is then acting knowingly and intelligently in giving up his rights. The record here requires us to infer that the defendant had his rights in mind at the time of his waivers. Such inferences are suspect. (Stewart v. Justice Court, supra, 74 Cal.App.3d at p. 612; Youkhanna v. Municipal Court, supra, 86 Cal.App.3d, at p. 615.)
Fourth, the advice of consequences of the plea is also suspect. No such advice is recorded on the docket for November 18, 1977. The rubber-stamped entry for December 13 reading “. .. [T]hat he understands the penalties that can be imposed. . . ” rests on no foundation that defendant was informed by anyone what those consequences were. In re Ronald E. (1977) 19 Cal.3d 315, 325 [137 Cal.Rptr. 781, 561 P.2d 684], requires either a recordation of the advice of consequences or other evidence that the defendant was aware of the consequences before pleading. In our case we have neither types of evidence. Advice of consequences of the plea is mandatory. (In re Tahl (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449].)[2]
Given the above defects shown on the face of the record, we need not discuss or analyze the trial court’s finding that the defendant’s lack of comprehension in 1979 infected his ability to plead in 1977.
The People’s main attack in this appeal is aimed at Youkhanna v. Municipal Court, supra, 86 Cal.App.3d 612. Youkhanna held that the People had to produce a facially sufficient record showing advice and waiver of constitutional rights before extrinsic evidence from the defendant or the People would be admitted into evidence. The People here read Youkhanna more narrowly, asserting that it prevents the People from ever introducing evidence to contradict the defendant’s evidence of *Supp. 25 an ineffective waiver of rights. In our view, Youkhanna is not at odds with the procedure spelled out in Vehicle Code section 23102.2 and People v. Coffey (1967) 67 Cal.2d 204, 217-218 [60 Cal.Rptr. 457, 430 P.2d 15], upon which that section is predicated. Youkhanna, Coffey, and section 23102.2 all require the People to first prove a facially sufficient record. Then the defendant has the burden of producing evidence that his constitutional rights were infringed. Then the People have the right to rebut the defendant’s evidence. At the close of evidence, the People must persuade the judge, beyond a reasonable doubt, of the validity of the prior offense. Youkhanna only addresses the first step, i.e., the production of a good record. If the People cannot do this, as they did not in our case, then there is no room for extrinsic evidence.
The People also contend that the burden of persuasion is not on the People, but, rather, on the defendant. They rely on People v. Barlow (1980) 103 Cal.App.3d 351 [163 Cal.Rptr. 664], The Barlow court considered their review as habeas corpus, not appeal, because the defendant in that felony case did not obtain a certificate under Penal Code section 1237.5, and the appeal was not timely. Our case involves an appeal, not a writ, and Vehicle Code section 23102.2, subdivision (b)(1), puts the burden of persuasion on the People and this is consistent with the Supreme Court views expressed in People v. Coffey, supra, 67 Cal.2d at page 217, footnote 15.
The People in our case did not meet their burden.
In 1977, Vehicle Code section 23102.2 was amended to require the defendant to serve his statement of how he was deprived of his constitutional rights on the court which rendered the challenged conviction. It is conceded in this case that defendant did not serve the Compton court with his motion and declaration. The People, represented by the Long Beach prosecutor, objected in the trial court to this lack of notice to Compton. However, this objection, overruled by the trial court, is not mentioned in the People’s brief. We consider this objection as abandoned. (People v. Spalliero (1975) 54 Cal.App.3d Supp. 1, 3, fn. 1 [126 Cal.Rptr. 469]; Rossiter v. Benoit (1979) 88 Cal.App.3d 706, 710-711 [152 Cal.Rptr. 65].) However, we fail to see what harm failure to comply with this provision can create to the People or defendant in this Long Beach prosecution. The Long Beach prosecutor was served with the motion papers a month prior to the hearing on the motion. Thus, the prosecutor had ample time to obtain all the records from Compton relating to the 1977 conviction for presentation to the Long Beach *Supp. 26 court. The burden of supporting the conviction is on Long Beach, not Compton, as it is Long Beach which is alleging the prior conviction as an enhancement to the current 1979 charge. It may be helpful to the Compton court to learn of attacks on its proceedings so as to avoid any error in the future, but the Compton court has no standing in the Long Beach action. It cannot appear and offer evidence in support of the validity or invalidity of its earlier proceedings. Thus, although technically one of the notice requirements in Vehicle Code section 23102.2 was not adhered to, no harm to the litigants resulted.
The judgment (order granting the motion to declare the prior conviction invalid) is affirmed.
Ibáñez, P. J., and Fainer, J., concurred.
A petition for a rehearing was denied September 22, 1980.

 A second count charging a violation of Vehicle Code section 14601, subdivision (a) was also charged. Defendant was acquitted of this offense, and it does not enter into this appeal.

 The People rely on cases, including People v. Barlow (1980) 103 Cal.App.3d 351 [163 Cal.Rptr. 664], which discuss compliance with Faretta v. California (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525], Defendant here made no Faretta attack and thus we decline to discuss this issue as we bear in mind the holding in People v. Torres (1979) 96 Cal.App.3d 14 [157 Cal.Rptr. 560], where the court decided that a facially sufficient recordation of the waiver of counsel required a habeas corpus attack on Faretta grounds rather than an appeal.