Opinion
FOSTER, J.
In each of two actions in the Municipal Court for the Los Angeles Judicial District, defendant Robert Shannon (also known as Robert Stevens) was charged[1] with violating Vehicle Code section 23102, subdivision (a), with a prior conviction of the same offense in 1977 in the Municipal Court for the Sacramento Judicial District. His pretrial motions[2] to have the prior conviction declared invalid were denied, and a petition for writ of mandate to the superior court was also denied. He then pleaded guilty in each case to the charged violation with a prior conviction and now appeals from the judgment,[3] on each appeal attacking only the constitutional validity of the prior conviction.[4]
*Supp. 4 In the 1977 prosecution, Shannon as a pro. per. pleaded guilty to the charge of violating Vehicle Code section 23102, subdivision (a) in the Sacramento Municipal Court. He contends that his waiver of counsel was invalid because he was not advised of the dangers of self-representation. He also argues that his arraignment, which was a mass arraignment using a videotape advisement by the trial judge, was improper, that it was not established that he heard and understood the statement of his rights or that there was a factual basis for his plea.
Shannon’s motions to the Los Angeles Municipal Court trial judges, to have the 1977 prior conviction declared constitutionally invalid, were made upon the grounds that there was: (1) “No knowing, intelligent, understanding waiver of counsel, specifically no warning regarding dangers and pitfalls of self-representation as required by Faretta v. California, 422 U.S. 806 or advisement of elements and defenses req. by [In re Tahl (1969) 1 Cal.3d 122]” and (2) No advisement “.. . of the elements of the offense, possible pleas and defenses available.”
In Mills v. Municipal Court (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273], the California Supreme Court extended the Boykin-Tahl rule,[5] that an appellate court may not presume from a silent record that a defendant has voluntarily and intelligently waived the constitutional rights he implicitly relinquished by entering a plea of guilty to proceedings in inferior courts. (10 Cal.3d at pp. 297-299.) It also noted that the requirements of an express and explicit waiver of counsel on the record, by a pro. per. defendant, applies to misdemeanor prosecutions. (10 Cal.3d at p. 301.)
In determining satisfaction of the Mills requirements, there is a two-part inquiry: (1) whether defendant has been advised of his constitutional rights (cf. People v. Buller (1979) 101 Cal.App.3d 73, 76 [160 Cal.Rptr. 657] [clerk had checked boxes showing defendant had waived his constitutional rights, but there was no indication he had been advised of them; held: no valid waiver]), and (2) whether he has voluntarily waived them. (Cf. Blake v. Municipal Court (1966) 242 Cal.App.2d 731, 734-735 [51 Cal.Rptr. 771] [the record showed defendant had been advised of his rights but did not show he expressly waived them; held: insufficient showing, since a waiver could not be implied from his guilty plea.])
*Supp. 5 The facts of advisement and waiver must appear on the face of the record. (Stewart v. Justice Court (1977) 74 Cal.App.3d 607, 610 [141 Cal.Rptr. 589]; Ganyo v. Municipal Court (1978) 80 Cal.App.3d 522, 526 [145 Cal.Rptr. 636]; Youkhanna v. Municipal Court (1978) 86 Cal.App.3d 612, 615 [150 Cal.Rptr. 380].) The reasons such showing must be on the face of the record are to avoid having to probe “murky memories” of counsel and court personnel, to avoid imposition upon the time and resources of the court in having to give testimony in collateral proceedings, and the recognition that it is doubtful that judges and court personnel would have actual recollection of a prior individual case among a multitude of cases processed through our high volume municipal and justice courts. (See Youkhanna v. Municipal Court, supra, at p. 616.)
Before the Los Angeles trial judges in the cases on appeal when they ruled upon the motion to strike were certified copies of records of the Sacramento Municipal Court. Included among the records were the traffic citation, a misdemeanor complaint, the traffic docket, a “Misdemeanor Arraignment Minute Order and Docket Entry” and the judgment of conviction. Also before the Los Angeles trial judges were transcripts of May 16, 1977, proceedings in department D of the Sacramento Municipal Court, where a mass arraignment was given, and proceedings in department L, where Shannon’s 1977 plea was taken.
The reporter’s transcript of the arraignment shows that the case of Robert Stevens,[6] defendant, number 88967T came on for hearing before the Honorable Carol Miller, judge of the Sacramento Municipal Court on Monday, May 16, 1977, at 9 a.m. “The Defendant, Robert Stevens, was personally present and in attendance upon the Court. He was in Propria Persona.” There followed a statement of “Video Mass Advisements.”
Shannon contends that advisement by videotape is a method of advisement not authorized by law. For this contention he relies upon Bailey v. Superior Court (1977) 19 Cal.3d 970 [140 Cal.Rptr. 669, 568 P.2d 394]. Bailey is not in point. It involved the issue of whether a civil trial court could order the videotaping of a deposition. In holding that *Supp. 6 the trial court could not, the Supreme Court pointed out that section 2004 of the Code of Civil Procedure defines a deposition as a written declaration under oath and section 2019[7] of the same code makes provision for the deponent to read and correct it. It concluded that videotaping did not meet the statutory requirements for a deposition.
There is no similar requirement that advisements of constitutional rights be in writing. To the contrary, they are normally given orally. The validity of collective advisements of rights is well established. (In re Johnson (1965) 62 Cal.2d 325, 336 [42 Cal.Rptr. 228, 398 P.2d 420]; Mills v. Municipal Court, supra, 10 Cal.3d at p. 307; In re Sheridan (1964) 230 Cal.App.2d 365, 368-369 [40 Cal.Rptr. 894]; Blake v. Municipal Court, supra, 242 Cal.App.2d at p. 734.) And in Mills the Supreme Court recognized that they could be given in a variety of ways, including advisements by the clerk of the court (In re Sheridan, supra, at pp. 368-369) although it expressed a preference for advisements by the judge. We see no constitutional objection to videotaping the judge’s advisements. In our current society, a majority of the populace has grown accustomed to television as a means of communication, and presumably would have little difficulty in following and comprehending the televising of a taped series of advisements. And videotaping them bears the advantage of assuring that all advisements are given correctly and that the presentation is made in a clear and distinct manner.
Shannon also contends that advisement concerning the right to counsel was inadequate in that it failed to warn of the dangers of self-representation. We reject the contention. In People v. White (1981) 120 Cal.App.3d Supp. 21, this department held that a warning concerning the hazards of self-representation is not constitutionally required to assure that a defendant has made a voluntary and intelligent waiver of the right to counsel. White is controlling. Shannon makes no argument that the advisement concerning his right to counsel was defective in any other regard, and examining it, we find no deficiency.
Advisements concerning the nature of the charges and the consequences of a guilty plea are not constitutional requirements under Tahl but are “a judicially declared rule of criminal procedure” for noncom *Supp. 7 pliance with which defendant must show prejudice before his plea will be set aside. (In re Ronald E. (1977) 19 Cal.3d 315, 320-321 [137 Cal.Rptr. 781, 562 P.2d 684].) Similarly, a determination of whether there is a factual basis for a plea is not a constitutional right. (Ganyo v. Municipal Court, supra, 80 Cal.App.3d at p. 530.) Moreover, it is questionable whether any such defect serves as a basis, as here, for a collateral attack upon a judgment. (See Ganyo v. Municipal Court, supra, at pp. 530-531.)
In the present case, Shannon makes no attempt to show prejudice from any claimed defects in the Sacramento Municipal Court proceedings. Under these circumstances, we do not undertake to determine whether the proceedings were deficient in explaining the charges, advising of their consequences and determining a factual basis for them. (Cf. People v. Buller, supra, 101 Cal.App.3d at p. 79.)
The record[8] before the trial judge in the present case includes a transcript of proceedings in department L of the Sacramento Municipal Court where Shannon’s plea of guilty was taken. It reflects that Shannon was asked if he understood each of his Tahl-Mills rights, that he replied in the affirmative, and that he expressly and specifically relinquished each of them. A reporter’s transcript of the proceedings in which a defendant waives his constitutional rights is a proper method of establishing on the face of the record such a waiver. (Mills v. Municipal Court, supra, 10 Cal. 3d at p. 307; cf. People v. Buller, supra, 101 Cal.App.3d at p. 76 [“With respect to the third prior—suffered in 1974—the record is more complex in that we have a reporter’s transcript.”]
Both in the reporter’s transcripts of proceedings and in orders filed in the Sacramento Municipal Court the record reflects that Shannon was duly arraigned; that he was advised of his constitutional rights to counsel, to a speedy and public trial, to trial by jury, to trial by the court, to confront witnesses and cross-examine them, to plead guilty or not guilty, or with the consent of the district attorney and the court, plead *Supp. 8 nolo contendere, and to remain silent and not incriminate himself and that he waived such rights; that he was advised of the consequences of a plea of guilty and understood the consequences; that the court found his waiver of his constitutional rights was knowingly, intelligently and voluntarily made and that he was specifically queried as to each of them; and that there was a factual basis for a guilty plea, defendant understood the nature of the crime and the consequences of a guilty plea and his plea of guilty was freely and voluntarily given.
Shannon argues, however, that it was not established that he heard the mass advisement. There was abundant evidence before the trial judge that he was present.[9] The traffic citation required him to appear on May 16, 1977, at 9 a.m. in department D, when and where the arraignment and advisements were given. At the end of the advisement all citees were told that some would be sent to department L, their names then being read. Shannon appeared in department L. In the course of the advisement, information was given concerning an alcohol education and traffic safety program entitled “CARE,” and when Shannon was sentenced he asked specifically for the CARE program without any advice concerning it being given in department L. As stated by the Supreme Court:
“Here petitioner neither alleges nor shows that he personally failed to hear and understand Judge Erickson’s statement. In the absence of such a showing we must presume, in accordance with common experience, that what is spoken with the intent of being heard by those in the speaker’s presence is in fact so heard, and that what is heard is understood.” (In re Johnson, supra, 62 Cal.2d at p. 332; Winton v. Municipal Court, supra, 48 Cal.App.3d at p. 240.)
The judgments are affirmed.
Fainer, P. J., and Bernstein, J., concurred.

In No. 611140, Los Angeles Judicial District, he was charged with violating Vehicle Code section 23102, subdivision (a), on April 27, 1979, with a prior conviction. In No. 611528, Los Angeles Judicial District, he was charged in count I with violating Vehicle Code section 23102, subdivision (a), on May 15, 1979, with the same prior conviction. He was also charged in counts II and III with two other traffic offenses, which charges were ultimately dismissed.

The two motions were heard together, although there was never an order consolidating the two actions.

The judgments are appealable despite defendant’s plea of guilty. (People v. Allheim (1975) 48 Cal.App.3d Supp. 1, 6 [121 Cal.Rptr. 448].)

The issues involved in defendant’s appeals from the two separate judgments of conviction are identical. The parties have treated the appeals as consolidated, and we formalize their actions by now ordering the appeals consolidated.

Boykin v. Alabama (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; In re Tahl (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

Robert Stevens is an “aka” of Robert Shannon. No contention is made that the defendant in number 88967T in the Sacramento Municipal Court District is not Robert Shannon.

Code of Civil Procedure section 2019, subdivision (c) was amended at the 1979-1980 Regular Session of the Legislature and now expressly permits videotaping of a deposition. (Stats. 1980, ch. 677, § 1.1.)

We note that at the mass advisement, Shannon was told of the elements of the charge of a violation of Vehicle Code section 23102, subdivision (a), that both at that time and in the department where his plea of guilty was taken he was told of the possible consequences, and that in the latter department the judge stated, “The Court has examined the record and finds there is a factual basis for the plea.” We further note that Shannon appears to have been no stranger to Vehicle Code section 23102, subdivision (a) prosecutions, since in the Sacramento court he pleaded guilty to that offense with a prior conviction. The prior was later stricken “in the interests of justice.”

The reporter’s transcript so reflects. Also, the “Misdemeanor Minute Order and Docket Entry” as well as the traffic docket both so state. “Judgments and orders of a municipal court, just as those of a superior court, are presumed correct.” (Winton v. Municipal Court (1975) 48 Cal.App.3d 228, 236 [121 Cal.Rptr. 561].)