[No. H007969. Sixth Dist. Nov. 25, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK CARLTON ANDERSON, Defendant and Appellant.

320

**COUNSEL**

Richard Carter and Deanna Lamb for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E. Niver and Ronald S. Matthias, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CAPACCIOLI, Acting P. J.—**

*Statement of the Case*

Defendant Mark Carlton Anderson appeals from a judgment entered after he pled guilty to driving under the influence (DUI) and driving with a suspended license. (Veh. Code, §§ 23152, subd. (a) and 14601.2, subd. (a).)[1] Pursuant to his plea bargain, defendant moved to strike an alleged 1987 DUI conviction on the ground that the underlying guilty plea was obtained in violation of his *Boykin-Tahl*[2] rights. He now contends the trial court should have stricken the 1987 prior because the record of that conviction fails to demonstrate that he expressly and explicitly waived his rights before pleading guilty. We affirm the judgment.

*The Motion to Strike*

At the hearing on defendant's motion to strike, the People introduced a docket sheet indicating that in 1987 defendant pled guilty to driving under the influence (§ 23152, subd. (a); § 41403, subd. (b)(2)). The clerk's notations on the docket sheet also indicate that defendant was present without an attorney, and pursuant to a mass advisement, he was informed of his rights[3] and the charges and the various pleas available to him.

The docket sheet further states, "Defendant advised of, understands, and knowingly and voluntarily waives all the following rights; waives the right to counsel; to trial by jury; to confront and cross-examine adverse witnesses; the privilege against self-incrimination. The court finds that the defendant understands the nature of the charges; the elements of the offense; the defenses thereto; the consequences of the plea and the range of penalties thereto (including the admission of any prior convictions)."

The docket sheet also indicates that a transcript was being made of defendant's oral waiver and plea. However, a transcript was not available at the hearing on defendant's motion.

To show that his plea was constitutionally invalid (§ 41403, subd. (b)(3)), defendant testified that the docket sheet was simply wrong: before entering

---

[1]Unless otherwise specified, all further statutory references are to the Vehicle Code.

[2]*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]. *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

[3]The right to a speedy trial; to subpoena witnesses; to confront and examine witnesses; to a jury trial; to be sentenced, if convicted, within a specified time; to court appointed counsel; to a reasonable time to consult with his attorney; not to incriminate himself.

his plea, the trial court never advised him of any rights and did not even ask him to waive them. He said that if he had gone to trial, he would have been able to present a witness who could and would have refuted the charge that he was driving under the influence.

To rebut any doubt about the validity of defendant's plea (§ 41403, subd. (b)(4)), the People called the prosecutor who was present when defendant entered his plea. She did not remember the circumstances of defendant's case but was familiar with the habit and custom of the particular judge who took defendant's plea and had never known him to take a plea without conducting an extensive voir dire of the defendant's rights. She said his advisement was usually long and he often talked defendants out of pleading guilty.

The court concluded that defendant was lying about not receiving any advisements or requests for waivers and denied his motion to strike, implicitly finding beyond a reasonable doubt that the 1987 conviction was constitutionally valid. (§ 41403, subd. (b)(5).)

*Discussion*

Defendant contends the record of his 1987 conviction is insufficient to support a finding that he properly waived his rights before pleading guilty. We disagree.

■ The trial court's findings must be upheld on appeal if there is substantial evidence to support them. (*In re Moss* (1985) 175 Cal.App.3d 913, 928 [221 Cal.Rptr. 645].)

The docket sheet, including the clerk's contemporaneous handwritten notations and initials, reveals that defendant was advised of each one of his various rights, he understood them, and he knowingly and voluntarily waived each one before pleading guilty. (See *Worsely* v. *Municipal Court* (1981) 122 Cal.App.3d 409, 415 [176 Cal.Rptr. 324].) Since defendant was not represented by counsel at the time, the notation that *defendant* waived his rights indicates that the waiver was made personally rather than by a defense attorney.

■ Since it was the court's function to determine defendant's credibility (*People* v. *Jones* (1990) 51 Cal.3d 294, 314 [270 Cal.Rptr. 611, 792 P.2d 643]) and since it rejected his testimony as a lie, there is no substantial or credible evidence contradicting the matters related in the docket sheet. ■ Therefore, it is entitled to a presumption of regularity and must be

deemed to speak the truth. (Evid. Code., § 664; *People* v. *Sumstine* (1984) 36 Cal.3d 909, 923 [206 Cal.Rptr. 707, 687 P.2d 904]; *Worsely* v. *Municipal Court, supra,* 122 Cal.App.3d 409, 415; *People* v. *Buller* (1979) 101 Cal.App.3d 73, 75-76 [160 Cal.Rptr. 657]; see *Curl* v. *Superior Court* (1990) 51 Cal.3d 1292, 1303 [276 Cal.Rptr. 49, 801 P.2d 292]; cf. *In re Moss, supra,* 175 Cal.App.3d 913 [entries on docket sheet may be "meaningless" in light of more probative, contradictory evidence].)

Under the circumstances, we conclude that the docket sheet, supported by testimony, was proper and substantial evidence of a valid waiver: defendant was advised of his rights and specifically waived each one knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences. (See *People* v. *Lujan* (1983) 141 Cal.App.3d Supp. 15, 33-34 [192 Cal.Rptr. 109]; see also *People* v. *Mroczko* (1983) 35 Cal.3d 86, 110 [197 Cal.Rptr. 52, 672 P.2d 835].) It follows the evidence is sufficient to support the trial court's ultimate conclusion that the 1987 conviction was constitutionally valid.

Defendant argues that the docket sheet is insufficient evidence because it does not specifically state that he "expressly and explicitly" waived his rights. In support of his claim, he cites *Stewart* v. *Justice Court* (1977) 74 Cal.App.3d 607 [141 Cal.Rptr. 589] and *Youkhanna* v. *Municipal Court* (1978) 86 Cal.App.3d 612 [150 Cal.Rptr. 380].

In *Stewart* v. *Justice Court, supra,* 74 Cal.App.3d 607, a docket sheet notation said the defendant " 'made knowing and intelligent waiver of counsel' " and a written note by the trial judge said, " 'Defendant freely and intelligently waived all constitutional rights and entered a plea of guilty to charge.' " The court found this to be insufficient evidence of an express waiver. (*Id.* at p. 609.)

The result appears to be correct. ■ As the *Stewart* court explained, "What is required before a guilty plea is accepted by the court is evidence that each specific right was known to the defendant and *expressly* waived by him." (*Stewart* v. *Justice Court, supra,* 74 Cal.App.3d 607, 610, italics in original.) The only evidence that the defendant expressly waived several of his constitutional rights was the court's general statement that he had waived "all constitutional rights." Since this statement lacks specificity as to the particular rights waived, it fails to show an express and explicit waiver of any specific right.

Here, the docket sheet specifically lists the various rights defendant was advised of, understood, and knowingly and voluntarily waived. Thus, *Stewart* is distinguishable.

In *Youkhanna* v. *Municipal Court, supra,* 86 Cal.App.3d 612, the People conceded that the docket sheet failed to show an express and explicit waiver. The issue before the court was simply whether the People should be allowed to present extrinsic evidence to show that the defendant's waiver was nevertheless valid. (*Id.* at pp. 615-616.) The court held that the record established a conclusive presumption that the waiver was invalid and barred any sort of rebuttal evidence. (*Ibid.*) However, in *People* v. *Sumstine, supra,* 36 Cal.3d 909, 923, footnote 9, our Supreme Court overruled *Youkhanna* on this point.

■ We acknowledge that the docket sheet in *Youkhanna* contained the same preprinted language of advisement and waiver as we have here. In that case, however, there was no supporting testimony concerning the trial court's custom and habit, and the opinion does not indicate that, as here, the clerk made contemporaneous notations on the docket sheet, establishing that the specific advisements and personal waivers actually occurred. In the absence of such evidence, we agree that the docket sheet would not appear to show an express and explicit waiver.

■ However, even assuming there were contemporaneous notations on the *Youkhanna* docket sheet, we disagree with the court's dictum that the sheet did not then reflect an express and explicit waiver because it did not *specifically* state that the waivers were express and explicit.

■ To protect a defendant's fundamental rights, we must indulge every reasonable presumption against waiver of fundamental constitutional rights. (*Johnson* v. *Zerbst* (1938) 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357].) The record on its face must show, among other things, an express and explicit waiver of rights. (*Mills* v. *Municipal Court* (1973) 10 Cal.3d 288, 301 [110 Cal.Rptr. 329, 515 P.2d 273]; *People* v. *Harty* (1985) 173 Cal.App.3d 493, 502 [219 Cal.Rptr. 85].) Thus, we may not presume a valid waiver from a silent record (*Carnley* v. *Cochran* (1962) 369 U.S. 506, 515-516 [8 L.Ed.2d 70, 76-78, 82 S.Ct. 884]) or infer a waiver from either the entry of a guilty plea after the advisement of rights (*In re Smiley* (1967) 66 Cal.2d 606, 621 [58 Cal.Rptr. 579, 427 P.2d 179]) or equivocal conduct, such as a defendant's failure to assert his or her rights (*In re Lopez* (1970) 2 Cal.3d 141, 147 [84 Cal.Rptr. 361, 465 P.2d 257]) or a defendant's silence when defense counsel waives his or her rights (*People* v. *Holmes* (1960) 54 Cal.2d 442, 443-444 [5 Cal.Rptr. 871, 353 P.2d 583]). In such circumstances, the record itself does not show that the defendant personally and unequivocally, that is, expressly and explicitly, waived his or her rights.

Here, the record is not silent, and we do not infer an express waiver from the mere entry of defendant's plea or some equivocal nonverbal conduct. In

fact, we need not infer anything. To reiterate, the docket sheet on its face reflects an express and explicit waiver: defendant was specifically advised of each of his rights, he understood them, and he personally, knowingly, and voluntarily waived each one. Moreover, there is no credible evidence to support a reasonable doubt to the contrary.

■    Obviously, a reporter's transcript of defendant's waiver and plea or a waiver form signed by defendant would have provided clearer proof of an express waiver. (See *Mills* v. *Municipal Court, supra,* 10 Cal.3d 288, 307.) Such evidence, however, is neither essential nor mandatory. (*Ibid.*)

■    On the other hand, that the docket sheet fails to specifically recite that defendant *expressly* and *explicitly* waived his rights does not as a matter of law preclude a finding that defendant's waiver was constitutionally valid. (Cf. *Ganyo* v. *Municipal Court* (1978) 80 Cal.App.3d 522 [145 Cal.Rptr. 636]; *Nelson* v. *Justice Court* (1978) 86 Cal.App.3d 64, 66-67 [150 Cal.Rptr. 39].)

The judgment is affirmed.

Premo, J., and Bamattre-Manoukian, J., concurred.

A petition for a rehearing was denied December 17, 1991, and appellant's petition for review by the Supreme Court was denied March 11, 1992.